UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK IMMIGRATION COALITION, *et al.*,

                    Plaintiffs,

        v.

DONALD J. TRUMP, *et al.*,

                    Defendants.

No. 25 Civ. 1309 (MGG)

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**

 

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York
Attorney for the United States
86 Chambers Street, Third Floor
New York, New York 10007
Tel:    (212) 637-2695
*Attorney for Defendants*

JEFFREY OESTERICHER
*Assistant United States Attorney*
    – Of Counsel –

**Table of Contents**

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ............................................................................................... 1

ARGUMENT:  THE COURT SHOULD STAY THIS ACTION ............................................ 3

CONCLUSION ............................................................................................................. 7

**Table of Authorities**

*Cases*

*CASA, Inc. v. Trump et al.*,
  No. 8:25-cv-00201-DLB, 2025 WL 408636 (D. Md. Feb. 5, 2025).........................................2

*CASA, Inc. et al. v. Trump et al.*,
  No. 25-1153, 2025 WL 654902 (4th Cir. Feb. 28, 2025)........................................................2

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. EPA*,
  630 F. Supp. 2d 295 (S.D.N.Y. 2009)....................................................................................6

*Clinton v. Jones*,
  520 U.S. 681 (1997)...............................................................................................................5

*Consumer Financial Protection Bureau v. Credit Acceptance Corp.*,
  23 Civ. 38 (JHR), 2023 WL 5013303 (S.D.N.Y. Aug. 7, 2023) .....................................4, 5, 6

*Diaz v. Department of Homeland Security*,
  No. 17-cv-24555-UU, 2018 WL 11476395 (S.D. Fla. Jan. 24, 2018) ..................................5, 7

*Goldstein v. Time Warner New York City Cable Group*,
  3 F. Supp. 2d 423 (S.D.N.Y. 1998).......................................................................................7

*Jugmohan v. Zola*,
  No. 98 Civ. 1509 (DAB), 2000 WL 222186 (S.D.N.Y. Feb. 25, 2000)...............................4, 7

*Kappel v. Comfort*,
  914 F. Supp. 1056 (S.D.N.Y. 1996).......................................................................................4

*Landis v. North America Co.*,
  299 U.S. 248 (1936)............................................................................................................3, 5

*In re Literary Works in Elec. Databases Copyright Litig.*,
  No. M–21–90, MDL 1379, 00 Civ. 6049, 00 Civ. 7376, 00 Civ. 9411 (GBD),
  2001 WL 204212 (S.D.N.Y. Mar. 1, 2001)............................................................................4

*Loftus v. Signpost Inc.*,
  464 F. Supp. 3d 524 (S.D.N.Y. 2020)..................................................................................4, 5

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
  676 F.3d 83 (2d Cir. 2012)....................................................................................................3

*Marshel v. AFW Fabric Corp.*,
  552 F.2d 471 (2d Cir.1977)................................................................................................4, 6

*New Jersey v. Trump*,
   No. 1:25-cv-10139-LTS (D. Mass. Feb. 13, 2025)............................................................2, 3

*New Jersey v. Trump*,
   131 F.4th 27 (1st Cir. 2025) ...........................................................................................3

*Sikhs for Justice v. Nath*,
   893 F. Supp. 2d 598 (S.D.N.Y. 2012)..................................................................................6

*Washington v. Trump*,
   No. 2:25-cv-00127-JCC, 2025 WL 415165 (W.D. Wash. Feb. 6, 2025).................................2

*Washington v. Trump*,
   No. 25-807, 2025 WL 553485 (9th Cir. Feb. 19, 2025)...........................................................3

## Other Authorities

Executive Order 14160 ......................................................................................*passim*

**PRELIMINARY STATEMENT**

Defendants Donald J. Trump, in his official capacity as President of the United States, Kristi Noem, in her official capacity as Secretary of the United States Department of Homeland Security, Marco Rubio in his official capacity as Secretary of State, Pamela Jo Bondi, in her official capacity as Attorney General of the United States, Stephanie Carlton, in her official capacity as Acting Administrator of the Centers for Medicare and Medicaid Services, and Leland Dudek, in his official capacity as Acting Commissioner of the Social Security Administration (collectively, "Defendants"), by their attorney, Matthew Podolsky, Acting United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to stay this case.

The Court should exercise its discretion to stay this case because the Executive Order Plaintiffs are challenging – Executive Order 14160, Protecting the Meaning and Value of American Citizenship ("EO 14160" or the "Executive Order") – is currently the subject of three nationwide injunctions. Furthermore, the Government has sought an expedited appeal in each of those cases and the parties may seek further review in the U.S. Supreme Court. Given that there would be no prejudice to Plaintiffs by staying this case and granting a stay would serve the interests of judicial economy by avoiding duplicative litigation, the Court should grant Defendants' motion to stay the case.

**STATEMENT OF FACTS**

Plaintiffs filed their Complaint in this action on February 13, 2025, challenging the constitutionality of the Executive Order and seeking declaratory and injunctive relief. ECF No. 1. Approximately three weeks later, on March 5, 2025, Plaintiffs filed an Amended Complaint. ECF No. 15. More than five weeks after filing their original complaint, on March 21, 2025, Plaintiffs

filed a motion for a preliminary injunction. ECF No. 19. In their motion, Plaintiffs request that the Court enjoin EO 14160 nationwide. ECF No. 20.

Prior to the filing of Plaintiffs' Complaint in this action, and while the Complaint has been pending, the constitutionality of EO 14160 has been the subject of challenge in several other federal courts. In particular, three district courts have entered nationwide injunctions barring the implementation and enforcement of the Executive Order, which currently remain in effect. *See CASA, Inc. v. Trump et al.*, No. 8:25-cv-00201-DLB, 2025 WL 408636 (D. Md. Feb. 5, 2025) (enjoining the Government from implementing and enforcing EO 14160); *Washington v. Trump*, No. 2:25-cv-00127-JCC, 2025 WL 415165 (W.D. Wash. Feb. 6, 2025) (same); *New Jersey v. Trump*, No. 1:25-cv-10139-LTS, ECF Nos. 144, 145 (D. Mass. Feb. 13, 2025) (same).

In *CASA*, the Government appealed the district court's Order enjoining it from implementing and enforcing the Executive Order to the United States Court of Appeals for the Fourth Circuit and moved to stay the Court's Order pending appeal. *CASA, Inc. v. Trump et al.*, No. 8:25-cv-00201-DLB, ECF Nos. 69-70. On February 18, 2025, the district court denied the Government's motion to stay the preliminary injunction pending appeal. ECF No. 76. The Government then filed a partial motion to stay the preliminary injunction in the Fourth Circuit, which was denied on February 28, 2025. *See CASA, Inc. et al. v. Trump et al.*, No. 25-1153, 2025 WL 654902, at *2 (4th Cir. Feb. 28, 2025).

In *Washington,* the Government noticed its appeal of the preliminary injunction to the United States Court of Appeals for the Ninth Circuit and moved to partially stay the preliminary injunction. *Washington v. Trump*, C25-0127-JCC (W.D. Wash.), ECF Nos. 116, 122. The Government also filed an emergency motion in the Ninth Circuit seeking a partial stay of the preliminary injunction pending appeal. *Washington v. Trump*, No. 25-80, ECF No. 21. The

emergency motion was denied by the Ninth Circuit on February 19, 2025. *Washington v. Trump,* No. 25-807, 2025 WL 553485, at *1 (9th Cir. Feb. 19, 2025).[1]  The Ninth Circuit has issued an expedited briefing schedule with oral argument scheduled for June 2025. *Id.*

In *New Jersey,* the Government noticed its appeal of the preliminary injunction to the United States Court of Appeals for the First Circuit and moved to stay the preliminary injunction. *New Jersey v. Trump*, No. 1:25-cv-10139-LTS, ECF Nos. 150, 157, 158.  On February 26, 2025, the district court denied the Government's motion to stay.  ECF No. 165.  The Government then moved for a stay pending appeal in the First Circuit, which was denied on March 11, 2025. *New Jersey v. Trump,* 131 F.4th 27, 44 (1st Cir. 2025).

On March 13, 2025, the Government filed three emergency applications in the United States Supreme Court seeking to stay the nationwide injunctions.  *See CASA*, Case Number 24A884; *Washington*, Case Number 24A885; and *New Jersey*, Case Number 24A886. Briefing on those applications was completed on April 7, 2025.

## ARGUMENT

### THE COURT SHOULD STAY THIS ACTION

The Court should stay this case in the interest of judicial economy.  "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. North America Co.*, 299 U.S. 248, 254 (1936)).  In determining whether to stay an action, courts in this district typically consider five factors:  "'(1) the private interests of the plaintiffs in

---

[1] The district court in *Washington v. Trump* terminated the motion to stay pending before it as moot following the Ninth Circuit's decision. *Washington v. Trump*, C25-0127-JCC (W.D. Wash. Feb. 24, 2025) (text note only on docket).

proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)). These factors are to be balanced "with the principal objective being the avoidance of unfair prejudice." *Consumer Financial Protection Bureau v. Credit Acceptance Corp.*, 23 Civ. 38 (JHR), 2023 WL 5013303, at *2 (S.D.N.Y. Aug. 7, 2023) (internal quotation marks and citation omitted).

Moreover, as another judge in this district observed, it is an "inefficient use of time and resources of the court and the parties to proceed in light of a pending U.S. Supreme Court decision that all agree will significantly impact this multidistrict litigation." *In re Literary Works in Elec. Databases Copyright Litig.*, No. M–21–90, MDL 1379, 00 Civ. 6049, 00 Civ. 7376, 00 Civ. 9411 (GBD), 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001). Rather, a court properly exercises its discretion to stay an action when similar issues are pending before a higher court. *See, e.g.*, *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir.1977) (instructing district court to stay action pending a Supreme Court decision in a "closely related case"); *Jugmohan v. Zola*, No. 98 Civ. 1509 (DAB), 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000) (staying action and "declin[ing] to rule on the same issue" as presented to the Supreme Court in a case in which the higher court had recently granted certiorari); *In re Literary Works*, 2001 WL 204212, at *3 (granting stay motion because "Supreme Court's review of *Tasini* is likely to have a significant, if not dispositive, impact on the cases here.").

4

The proponent of a stay bears the burden of establishing its need. *Clinton v. Jones,* 520 U.S. 681, 708 (1997). A complete identity of parties is not required to stay an action. *Landis,* 299 U.S. at 254-56.

Here, applying the five factors and balancing the harms, it is clear that a stay should be granted. *See County of Santa Clara v. Trump*, No. 25-cv-00981-EKL, ECF No. 37 (N.D. Cal. Mar. 18, 2025) (staying case challenging EO 14160 in light of several nationwide injunctions); *Diaz v. Department of Homeland Security*, No. 17-cv-24555-UU, 2018 WL 11476395, at *1 (S.D. Fla. Jan. 24, 2018) (staying lawsuit challenging Government's decision to wind down the Deferred Action for Childhood Arrivals policy, including a motion for a temporary restraining order and preliminary injunction, based on nationwide injunction issued by district court in a different circuit). First, Plaintiffs will not be prejudiced by a stay. The Executive Order is currently subject to three nationwide injunctions which independently bar Defendants from applying EO 14160 to Plaintiffs. Moreover, each of those injunctions has been appealed to the Court of Appeals, and the injunctions remain in place pending those appeals. The Government believes that nationwide relief in those cases was inappropriate under longstanding Article III and equitable principles, and is contesting the scope of those injunctions in the stay motions currently pending in the Supreme Court. But while those nationwide injunctions remain in effect, any delay resulting from a stay in this case will not harm Plaintiffs. *See id*. at 1-2.[2]

Second, Defendants' interests will be furthered by a stay as the Government will avoid expending time and resources on this litigation. *See, e.g.*, *CFBP*, 2023 WL 5013303, at *3; *Loftus,*

---

[2] The Court can avoid any potential prejudice to Plaintiffs by including provisions in its stay order that (1) the nationwide injunctions shall automatically expire if they are stayed, limited, or vacated, and (2) requiring the parties to submit joint status reports to the Court every 60 days. *See County of Santa Clara*, No. 25-cv-00981-EKL, ECF No. 37 at 4.

464 F. Supp. 3d at 526. Likewise, a stay is in the interests of the court by "promoting judicial efficiency" through the avoidance of duplicative litigation. *CFPB*, 2023 WL 5013303, at *3 (internal quotation marks and citation omitted); *see also County of Santa Clara*, No. 25-cv-00981-EKL, ECF No. 37 at 3 ("Judicial efficiency further warrants a stay in this case [challenging EO 14160] given the recent rulings by the First, Fourth, and Ninth Circuits, denying motions to stay those injunctions pending appeal."). Finally, a stay is in the interests of persons not parties to the civil litigation and the public interest. *See CFPB,* 2023 WL 5013303, at *4. Proceeding with this case "could well lead to unnecessary litigation that is time-consuming for this court, as well as for any third parties who might be impacted by it . . ." *Id*. (internal quotation marks and citation omitted); *see also Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. EPA*, 630 F. Supp. 2d 295, 306 (S.D.N.Y. 2009) ("By conserving judicial resources, a stay will serve not only the interest of the courts, but also the interests of the Parties, the nonparties, and the public in an orderly and efficient use of judicial resources.") (internal quotation marks and citation omitted).

Furthermore, based on the importance of the issues raised, the parties in the cases currently on appeal may seek further review in the United States Supreme Court. That provides an additional, compelling reason why this Court should avoid duplicative litigation and stay this case. *See Marshel*, 552 F.2d at 472 (instructing district court to stay action pending Supreme Court decision in "closely related case"); *In re Literary Works*, 2001 WL 204212, at *3 (granting stay in light of pending Supreme Court decision that would significantly impact the litigation); *Sikhs for Justice v. Nath,* 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (same); *Jugmohan*, 2000 WL 222186, at *5 (staying action where "same issue" was being litigated in Supreme Court).[3]

---

[3] Even if the issues raised in this case do not reach the Supreme Court that would not change the analysis because "[a] court may properly exercise this power [to stay a case] when a higher court is close to settling an important issue of law bearing on the action." *In re Literary Works*, 2001

**CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' motion to stay this action.

Dated:  New York, New York
            April 11, 2025

                                        Respectfully submitted,

                                        MATTHEW PODOLSKY
                                        Acting United States Attorney

                                        By: */s/ Jeffrey Oestericher*
                                        JEFFREY OESTERICHER
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, NY 10007
                                        Telephone: (212) 637-2695
                                        Email: jeffrey.oestericher@usdoj.gov

---

WL 204212, at *2; *accord Goldstein v. Time Warner New York City Cable* Group, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998); *Diaz*, 2018 WL 11476395, at *1;

## Certificate of Compliance

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 2321 words.