UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| New York Immigration Coalition, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO: <br> 25-cv-01309-MMG |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A STAY**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................................... ii
**PRELIMINARY STATEMENT** ................................................................................................ 1
**STATEMENT OF FACTS** ......................................................................................................... 1
**ARGUMENT** ............................................................................................................................... 3
    **I.**    **THE STANDARD FOR GRANTING A STAY** ............................................................. 3
    **II.**   **DEFENDANTS ARE NOT ENTITLED TO A STAY** ................................................. 5
        **A.**   Plaintiffs Will be Severely Prejudiced by a Stay ........................................................ 5
        **B.**   Defendants Have Not Made a Clear Showing of Harm ............................................. 7
        **C.**   The Court's Interest in Efficiency Would be Served by Proceeding in this Case ... 8
        **D.**   The Interests of Non-Parties and the Public Interest Are Not Served by Granting a Stay ........................................................................................................................... 9
        **E.**   Plaintiffs' Claims Will Not Be Entirely Resolved by the Related Matters ............ 10
**CONCLUSION** ........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

Application No. 24A886 (U.S. Supreme Court, Mar. 13, 2025). .............................................. 3, 6

*CASA, Inc. v. Trump*, No. 25-1153, 2025 WL 654902 (4th Cir. Feb. 28, 2025). ...................... 3, 4

*CASA, Inc. v. Trump*, No. 8:25-cv-00201-DLB, 2025 WL 408636 (D. Md. Feb. 5, 2025). ........... 2

*Clinton v. Jones*, 520 U.S. 681 (1987). ........................................................................................ 3

*Deide v. Day*, 676 F. Supp. 3d 196 (S.D.N.Y. 2023). .................................................................... 9

*Dep't of Homeland Sec. v. New York*, 140 S.Ct. 599 (2020) (Gorsuch, J., concurring). ................ 7

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1 (2020). ................................ 8

*Estate of Heiser v. Deutche Bank Trust Co. Americas*, No. 1-cv-1605 (AJN) (MHD), 2012 WL 5039065 (S.D.N.Y., Oct 17, 2012). ................................................................................. 4

*Hawai'i v. Trump*, 233 F. Supp. 3d 850 (D. Haw. 2017). ............................................................ 8

*In re Literary Works in Electronic Databases Copyright Litigation*, No. 00 CIV 6049, 2001 WL 204212 (S.D.N.Y. Mar. 1, 2001). .................................................................................. 6

*Jugmohan v. Zola*, No. 98 Civ. 1509 (DAB), 2000 WL 222186 (S.D.N.Y. Feb. 25, 2000). ........... 6

*Landis v. N. Am*. Co., 299 U.S. 248 (1936). ............................................................................. 3, 5

*League of Women Voters of U.S. v. Newby*, 838 F.3d 1 (D.C. Cir. 2016). ...................................... 9

*Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524 (S.D.N.Y. 2020). ..................................................... 4

*Marshel v. AFW Fabric Corp*., 552 F.2d 471 (2d Cir. 1977). ....................................................... 6

*N.W. Immigrant Rights Project v. U.S. Citizenship and Immig. Services*, 496 F. Supp. 3d 31 (D.D.C. 2020). .................................................................................................................. 7

*New Hampshire Indonesian Cmty Support v. Trump*, 1:25-cv-00038 (D.N.H. Feb. 20, 2025). ..... 6

*New Hampshire Indonesian Cmty. Support v. Trump*, 1:25-cv-00038 (D.N.H. Apr. 22, 2025). .... 6

*New Jersey v. Trump,* 1:25-cv-10139-LTS (D. Mass. Jan. 21, 2025). .......................................... 6

*New Jersey v. Trump*, 131 F.4th 27 (1st Cir. 2025). ................................................................. 3, 4

*New Jersey v. Trump*, No. 1:25-cv-10139-LTS, 2025 WL 485070 (D. Mass. Feb. 13, 2025). .... 2, 3

*New York v. Dep't of Homeland Sec.*, 475 F. Supp. 3d. 208 (S.D.N.Y. 2020). ............................. 10

*New York v. Trump*, 490 F. Supp. 3d 736 (S.D.N.Y. 2020). ......................................................... 9

*Nken v. Holder*, 556 U.S. 418 (2009). ...................................................................................... 3, 4

*O. Doe v. Trump*, 25-10135-LTS (D. Mass. Jan. 20, 2025). ................................................. 2, 5, 6

*Paine, Weber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc.*, 486 F. Supp. 1118 (S.D.N.Y. 1980) ......................................................................................................................................... 7

*Regeneron Pharm., Inc. v. U.S. Dep't of Health and Human Servs.*, 510 F. Supp. 3d 29 (S.D.N.Y. 2020). ................................................................................................................................ 7

*Saget v. Trump*, 345 F. Supp. 3d 287 (E.D.N.Y. 2018). ............................................................. 10

*Santa Clara v. Trump*, No. 5:25-cv-00981-EKL (N.D. Cal. Feb. 21, 2025). ................................. 9

*State of New Jersey v. Trump*, 1:25-cv-10139-LTS (D. Mass. Jan. 21, 2025). .............................. 2

*Thien Le. v. Trump*, No. 8:25-cv-00104-MEMF-ADS (C.D. Cal. Jan. 23, 2025). ......................... 9

*Virginia Petroleum Jobbers Assn. v. FPC*, 259 F.2d 921 (C.A.D.C. 1958). .................................. 3

*Virginian Ry. Co. v. United States*, 272 U.S. 658 (1926). .................................................................. 3

*Washington v. Trump*, 2025 WL 553485 (9th Cir. Feb. 19, 2025). .................................................... 8

*Washington v. Trump*, No. 2:25-cv-00127-JCC, 2025 WL 415165 (W.D. Wash. Feb. 6, 2025). 2, 3

*Washington v. Trump*, No. 25-807, 2025 WL 553485 (9th Cir. Feb. 19, 2025). ......................... 3, 4

*Webb v. GAF Corp.*, 78 F.3d 53 (2d Cir. 1996). ............................................................................ 10

*West Virginia v. EPA*, 597 U.S. 697 (2022). .................................................................................... 8

*Youngbloods v. BMG Music*, No. 07-cv-2394 (GBD) (KNF), 2011 WL 43510 (S.D.N.Y. Jan. 6, 2011). .............................................................................................................................................. 5, 8

*Zesty Paws LLC v. Nutramax Lab'ys, Inc.*, 2024 WL 4754014 (S.D.N.Y. Oct. 16, 2024). .......... 10

**Statutes**

U.S. CONST. amend. XIV, § 1 ............................................................................................................ 1

**PRELIMINARY STATEMENT**

Defendants ask this Court to exercise its discretion by staying the pending proceeding because three nationwide injunctions presumably protect Plaintiffs—expectant mothers in their third trimesters and organizations that represent the interests of expectant parents—whose soon-to-be U.S.-born children risk being denied constitutionally guaranteed birthright citizenship. Yet the same Defendants have also asked the Supreme Court to limit the scope of those injunctions to the specific parties in those cases, thereby excluding Plaintiffs from the injunctions' ambit. Defendants cannot have it both ways. Their motion for a stay should be rejected because i) a stay will severely prejudice Plaintiffs, as Defendants are challenging the very injunctions they claim afford Plaintiffs protection; ii) none of the cases Defendants rely upon in seeking a stay have fully adjudicated the merits of the grave constitutional and statutory claims raised in this proceeding; iii) Defendants will not suffer any harm by litigating this case; and iv) neither the public interest nor the interest of judicial economy is served by delaying adjudication of a patently unconstitutional Executive Order. Accordingly, this Court should deny Defendants' motion for a stay.

**STATEMENT OF FACTS**

Defendant Donald J. Trump signed Executive Order 14160 ("birthright citizenship ban") on January 20, 2025. Plaintiffs filed their action on February 13, 2025, alleging both violations of the Fourteenth Amendment's Citizenship Clause and the Fifth Amendment's equal protection guarantee. Am. Compl. ¶¶ 58–67, ECF No. 15. As further alleged in Plaintiffs' Amended Complaint, the birthright citizenship ban contravenes the plain text of the Fourteenth Amendment's guarantee that "all persons born . . . in the United States, and subject to the jurisdiction thereof" are United States citizens. *Id*. at ¶¶ 59–60. The birthright citizenship ban also denies both non-citizen parents and their children "equal protection of the laws." U.S. CONST. amend. XIV, § 1; *Id.* at ¶ 4 n.4, ¶¶ 62–67.

1

Although about ten challenges have been filed against the birthright citizenship ban, only one other case raises an equal protection claim. *See O. Doe v. Trump*, 25-10135-LTS (D. Mass. Jan. 20, 2025) (asserting an equal protection claim on behalf of citizen children based on parental alienage). None of the complaints assert this claim on behalf of the parents. *See id.*; *see, e.g.*, *State of New Jersey v. Trump*, 1:25-cv-10139-LTS (D. Mass. Jan. 21, 2025) (alleging violations of the Citizenship Clause, separation of powers, the Immigration and Nationality Act, and the Administrative Procedure Act). Thus, resolution of other related cases will not fully resolve the issues presented by Plaintiffs in the instant case.

On March 13, 2025, Defendants petitioned the Supreme Court for an emergency partial stay of nationwide preliminary injunctions issued in three separate birthright citizenship ban cases. Eight days later, Plaintiffs filed their own motion for a preliminary injunction.[1] Pls.' Mot. Prelim. Inj., ECF No. 19. On April 17, 2025, the Supreme Court scheduled oral arguments on Defendants' stay petition, and on April 18 this court adjourned *sine die* Defendants' deadline to respond to Plaintiffs' motion for a preliminary injunction pending the resolution of Defendants' motion to stay and mindful of the pending Supreme Court stay petition. Or. Adj. Defs.' Deadline Prelim. Inj. Resp., ECF No. 34.

The nationwide preliminary injunctions now consolidated before the Supreme Court are *CASA, Inc. v. Trump*, No. 8:25-cv-00201-DLB, 2025 WL 408636 (D. Md. Feb. 5, 2025)*, Washington v. Trump*, No. 2:25-cv-00127-JCC, 2025 WL 415165 (W.D. Wash. Feb. 6, 2025), and *New Jersey v. Trump*, No. 1:25-cv-10139-LTS, 2025 WL 485070 (D. Mass. Feb. 13, 2025). In *CASA,* the United States District Court of Maryland granted a nationwide preliminary injunction on February 5, 2025. *CASA*, 2025 WL 408636. The next day, the Western District Court of

---

[1] Defendants incorrectly state that Plaintiffs seek a nationwide injunction. Mem. Law Supp. Defs.' Mot. Stay 6, ECF No. 31. Plaintiffs did not. Whether to grant such a relief is within the sound discretion of this Court.

Washington issued a preliminary injunction in *Washington v. Trump*, 2025 WL 415165. One week later, on February 13, 2025, the District Court of Massachusetts issued a nationwide injunction in *New Jersey v. Trump*, 2025 WL 485070. The Fourth, Ninth, and First Circuits all considered and denied requests by the same Defendants before this Court to stay preliminary injunctions issued in the lower courts.[2] *CASA, Inc. v. Trump*, No. 25-1153, 2025 WL 654902 (4th Cir. Feb. 28, 2025); *Washington v. Trump*, No. 25-807, 2025 WL 553485 (9th Cir. Feb. 19, 2025); *New Jersey v. Trump*, 131 F.4th 27 (1st Cir. 2025). In their stay petition to the Supreme Court, Defendants ask that the scope of the nationwide preliminary injunctions be narrowed to apply only to the parties in the consolidated cases. Application No. 24A886 (U.S. Supreme Court, Mar. 13, 2025). Their appeal does not address the merits of their claims and focuses on the applicability of preliminary relief to parties outside of the actions, such as Plaintiffs in this case.

## ARGUMENT

### I.  THE STANDARD FOR GRANTING A STAY

The movant for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1987). "A stay is not a matter of right . . . ." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). Rather, a stay is an "intrusion into the ordinary processes of administration and judicial review . . . ." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (quoting *Virginia Petroleum Jobbers Assn. v. FPC*, 259 F.2d 921, 925 (C.A.D.C. 1958) (per curiam). Courts should heed caution when

---

[2] Defendant Centers for Medicare & Medicaid was not named in any of the three nationwide injunctions. Thus, references to all Defendants in connection with the nationwide injunction exclude that Defendant.

granting stays, ensuring that they avoid prejudice against the precious rights of parties to vindicate their own interests. *Landis*, 299 U.S. at 255.

Courts in this jurisdiction typically apply the *Kappel* test when considering whether to grant a stay: 1) the private interests of plaintiffs in proceeding expeditiously balanced against the prejudice to the plaintiffs if delayed; 2) the private interests of and burden on defendants; 3) the interests of the courts; 4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See, e.g.*, *Estate of Heiser v. Deutche Bank Trust Co. Americas*, No. 1-cv-1605 (AJN) (MHD), 2012 WL 5039065, at *2 (S.D.N.Y., Oct 17, 2012); *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020). Alternatively, this Court may consider the firmly established "traditional" factors for a stay pending appeal—a) likelihood of success; b) irreparable harm to the applicant; c) injury to other interested parties; and d) the public interest—because Defendants seek a stay here pending appeal of their failed bids to partially stay preliminary injunctions issued in other cases. *Nken*, 556 U.S. at 426 ("[T]he traditional stay factors . . . govern a request for a stay pending judicial review.").

Whether this Court applies the *Kappel* test or the traditional stay factors, Defendants cannot prevail on their motion for a stay. Plaintiffs' Memorandum of Law in support of their Motion for a Preliminary Injunction mirrors applicability of the traditional stay factors and fully substantiates why Defendants' motion for a stay cannot stand. Mem. Law Supp. Pls.' Mot. Prelim. Inj., ECF No. 20. Courts in the First, Fourth, and Ninth Circuits have applied the traditional stay factors and rejected Defendants' request for a stay.[3] This Court should do the same here.

---

[3] *New Jersey v. Trump*, 131 F.4th at 34–35; *CASA, Inc. v. Trump*, No. 25-1153, 2025 WL 654902 at *1–2 (4th Cir. 2025, Feb. 28, 2025); *Washington v. Trump*, No. 25-807, 2025 WL 553485 at *1 (9th Cir. Feb. 19, 2025).

4

Below, Plaintiffs explain why Defendants' motion for a stay also fails under the *Kappel* test.

## II.   DEFENDANTS ARE NOT ENTITLED TO A STAY

### A.   Plaintiffs Will be Severely Prejudiced by a Stay

Plaintiffs have a right to vindicate their own interests expeditiously. *See Landis*, 299 U.S. at 255; *see also Youngbloods v. BMG Music*, No. 07-cv-2394 (GBD) (KNF), 2011 WL 43510 at *3–4 (S.D.N.Y. Jan. 6, 2011). The Supreme Court has stressed that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. Here, Defendants propose an indefinite stay and ask that Plaintiffs step aside to let others vindicate their interests despite *Landis*' caution against that. *See* Defs.' Mot. Stay, ECF No. 30. A stay in this matter is not supported by the facts and circumstances of this case and would only prejudice Plaintiffs' interests in vindicating their own rights, in contravention of *Landis*.

The consolidated cases pending before the Supreme Court ("related matters") have not progressed in a manner that makes a stay appropriate. As it stands now the only relief granted in the other matters is preliminary in nature, no permanent injunction has been entered nor has any court considered key issues bearing weight on this matter. *See, e.g.*, *O. Doe v. Trump*, 25-10135-LTS (D. Mass. Mar. 20, 2025), ECF No. 54 (granting extension of time for Defendants to answer complaint until May 12, 2025). No court, appellate or otherwise, has reached the merits of the related matters. Defendants do not cite a single advancement in the other cases that would substantially inform any of the key issues in this case other than the applicability of the

5

preliminary relief[4] to Plaintiffs—which Defendants are actively challenging. *See Trump, et al. v. New Jersey, et al.*, Application No. 24A886 (U.S. Supreme Court, Mar. 13, 2025) (application to stay three nationwide preliminary injunctions). A stay would only prejudice Plaintiffs' rights by causing untold delay while others determine their rights, a predicament that *Landis* disavows.

Defendants rely on several cases that are inapposite. In *In re Literary Works in Electronic Databases Copyright Litigation*, No. 00 CIV 6049, 2001 WL 204212, at *1 (S.D.N.Y. Mar. 1, 2001), where a stay was granted, the Supreme Court had already scheduled oral arguments, and a decision on a key merits-based issue was expected the next term. The same is true in *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977), where the Supreme Court had already heard oral argument and a decision on a key issue in a related matter was pending.[5] Here, a stay is wholly inappropriate. A resolution of the merits of this case is nowhere near conclusion, the related cases only determine preliminary relief, no scheduling order has been issued, Defendants have not filed an answer in any of the related cases, discovery has not begun, and no briefing schedule has been set.[6]

An indefinite stay, moreover, will prejudice Plaintiffs by allowing only a few district courts, none of which are in the Second Circuit, to decide the legality of a grave constitutional question—birthright citizenship. In the preliminary injunction context, the Supreme Court has

---

[4] While Defendants may argue that the grant of a preliminary injunction is tantamount to a consideration of the merits in a case, the Supreme Court has cautioned "preliminary injunctions [] do not conclusively resolve legal disputes." *Lackey v. Stinnie*, 145 S. Ct. 659, 667 (2025). The Court expressly cautioned that it is improper to equate preliminary relief to success on the merits because "[i]t cannot yet be said that [one] will 'ultimately prevail[ ] when the matter is finally set at rest' or that [one] will have 'successfully maintained' [one's] claim 'at the end.'" *Id.*

[5] *See also Jugmohan v. Zola*, No. 98 Civ. 1509 (DAB), 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000) (staying action and "declin[ing] to rule on the same issue" as presented to the Supreme Court in a case in which the higher court had recently granted certiorari).

[6] *See, e.g.*, *New Hampshire Indonesian Cmty. Support v. Trump*, 1:25-cv-00038 (D.N.H. Apr. 22, 2025), ECF No. 97 (extending time to for Defendants to answer); *O. Doe*, ECF No. 54 (same); *New Jersey v. Trump,* 1:25-cv-10139-LTS (D. Mass. Apr. 23, 2025), ECF No. 172 (same); *New Hampshire Indonesian Cmty Support v. Trump*, 1:25-cv-00038 (D.N.H. Feb. 20, 2025) (no indication of a briefing schedule, scheduling order, discovery, etc.) *O. Doe v. Trump*, 25-10135-LTS (D. Mass. Feb. 13, 2025) (same); *New Jersey v. Trump,* 1:25-cv-10139-LTS (D. Mass. Jan. 21, 2025) (same).

raised concerns with a few lower courts deciding important questions of law for the entire country. *Dep't of Homeland Sec. v. New York*, 140 S.Ct. 599 (2020) (Gorsuch, J., concurring). The same logic applies here. Staying this decision because of parallel litigation, where no case has reached the underlying merits in other circuits, deprives Plaintiffs and the court system of "the benefit of the 'airing of competing views' on difficult issues of national importance." *N.W. Immigrant Rights Project v. U.S. Citizenship and Immig. Services*, 496 F. Supp. 3d 31, 81 (D.D.C. 2020) (citing *Dep't of Homeland Sec. v. New York,* 140 S. Ct. at 600 (Gorsuch, J., concurring)); *Regeneron Pharm., Inc. v. U.S. Dep't of Health and Human Servs.*, 510 F. Supp. 3d 29, 41 n.4 (S.D.N.Y. 2020).

Lastly, Defendants claim that Plaintiffs suffer no prejudice because of the existence of other nationwide injunctions, yet Defendants challenge the scope of those injunctions, leaving Plaintiffs in this case vulnerable to enforcement of the patently unlawful Executive Order. Importantly, if the Supreme Court narrows the scope of the nationwide preliminary injunctions to the parties in those cases—as Defendants have requested—Plaintiffs would have no protection against the unlawful order, and nothing would prevent Defendants from enforcing the order against them. *Id.* Because Plaintiffs would be irreparably harmed by a stay, this Court should deny Defendants' motion for a stay.[7]

### B.    Defendants Have Not Made a Clear Showing of Harm

Defendants have not shown that they meet the high burden required to deprive Plaintiffs of their ability to expeditiously vindicate their constitutional rights. *See Paine, Weber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc.*, 486 F. Supp. 1118, 1119 (S.D.N.Y. 1980) ("Absent a

---

[7] This Court's most recent order seemingly recognizes the tenuous nature of the protections afforded to Plaintiffs in this matter, underscoring the prejudice Plaintiffs confront in the face of the unlawful birthright citizenship ban.  *See* Or. Adj. Defs' Deadline Prelim. Inj. Resp., ECF No. 34.

7

showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why [a] plaintiff should be delayed in its efforts to diligently proceed to sustain its claim."). Defendants make brief reference to the burden that supposedly necessitates staying this proceeding—that of "expending time and resources on this litigation." Mem. Law Supp. Defs.' Mot. Stay 5, ECF No. 31. Contrary to Defendants' view, courts have recognized it is routine for executive policies to be challenged, especially when a new policy is a significant departure from prior understanding and practice. *See, e.g.*, *West Virginia v. EPA*, 597 U.S. 697 (2022); *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1 (2020); *Washington v. Trump*, 2025 WL 553485 (9th Cir. Feb. 19, 2025) (Forrest, C.J., concurring). Given the Department of Justice's vast resources, simply responding to alleged constitutional violations does not meet the burden required to grant a stay. *See Youngbloods*, 2011 WL 43510, at *8 (finding that defendant failed to establish a "clear case of hardship or inequity" by arguing it would be subject to related litigation in another federal court); *see also Hawai'i v. Trump*, 233 F. Supp. 3d 850, 854 (D. Haw. 2017) (finding that the Department of Justice, "what some describe as the largest law firm in the world," does not meet its burden in moving for a stay simply because it has to litigate similar claims in separate courts). Defendants here have failed to establish clear hardship in being required to move forward with this proceeding.

      **C.**    **The Court's Interest in Efficiency Would be Served by Proceeding in this Case**

The Court's interest in efficiency would be served by hearing this case at the same time as other birthright citizenship cases. *Youngbloods,* 2011 WL 43510, at *6 (finding that judicial economy would be promoted by handling two actions simultaneously). While Defendants stress that their proposed stay would result in a more efficient administration of justice by the court,

they do not cite any meaningful way that a stay would streamline matters in this case. Mem. Law Supp. Defs.' Mot. Stay, ECF No. 31. As mentioned previously, none of the related cases have resolved any of the substantive issues in controversy in this matter. *See supra* Section II. A. In fact, Defendants concede as much via their most recent filing, which recognizes that the Supreme Court's review is focused on the issuance of a partial stay rather than complete relief for the parties. *See* Notice Suppl. Authority, ECF No. 33. A stay would not streamline this case; rather, it would cause the matters to proceed on different timelines, which would raise the risk of inconsistent rulings and waste court resources rather than save them. Much like in *Youngbloods*, this Court should deny a stay because it would not support an efficient administration of justice for all parties involved.[8]

### D. The Interests of Non-Parties and the Public Interest Are Not Served by Granting a Stay

No public interest is served by slowing a challenge against an unlawful Executive Order. *See New York v. Trump*, 490 F. Supp. 3d 736, 747 (S.D.N.Y. 2020) (finding there is "generally no public interest in the perpetuation of unlawful agency action" and instead finding a substantial public interest in having governmental agencies abide by the federal laws that govern their existence) (quoting *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) (internal quotation marks and citations omitted)). The public has an interest in challenging and litigating unlawful governmental actions, especially those that touch upon constitutional rights. *See, e.g.*, *Deide v. Day*, 676 F. Supp. 3d 196 (S.D.N.Y. 2023) (recognizing the public's interest in

---

[8] Though *Santa Clara v. Trump* and *Thien Le v. Trump* have both been stayed, those proceedings only considered, and ultimately issued, a stay after the issuance of an in-circuit preliminary injunction and temporary restraining order in *Washington v. Trump*. *Santa Clara v. Trump*, No. 5:25-cv-00981-EKL (N.D. Cal. Feb. 21, 2025), ECF No. 35 at 1; *Thien Le. v. Trump*, No. 8:25-cv-00104-MEMF-ADS (C.D. Cal. Jan. 23, 2025), ECF. No. 13. No injunction has similarly been issued by a district court in the Second Circuit.

9

challenging unconstitutional executive orders). That interest would be harmed by staying this proceeding.

### E. Plaintiffs' Claims Will Not Be Entirely Resolved by the Related Matters

Because this litigation presents separate constitutional claims on behalf of both non-citizen parents and their citizen children that are not addressed in the injunctions ordered in other cases, this litigation should proceed to allow a merits decision on those claims. *See Zesty Paws LLC v. Nutramax Lab'ys, Inc.*, 2024 WL 4754014 (S.D.N.Y. Oct. 16, 2024) (denying a motion to stay where the related action would not resolve the underlying merits of the claims raised by the non-moving party). Moreover, this Court retains jurisdiction to issue an injunction even during the pending appeal of an order granting a preliminary injunction, and the injunctions issued in other cases provide only preliminary relief and may be narrowed by the Supreme Court. *New York v. Dep't of Homeland Sec.*, 475 F. Supp. 3d. 208, 225 (S.D.N.Y. 2020) (citing *Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir. 1996)); *see also Saget v. Trump*, 345 F. Supp. 3d 287, 304 (E.D.N.Y. 2018) (denying stay motion pending appellate review of preliminary injunction in a related matter because the Ninth Circuit could overturn the injunction at any time). These considerations provide additional reasons to deny Defendants' motion to stay.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask this Court to deny Defendants' motion for a stay.

Dated: New York, New York
April 24, 2025

Respectfully submitted,

By: /s/ Cesar Z. Ruiz
Cesar Z. Ruiz
Francisca D. Fajana

10

>Mariana Lopez*
>LatinoJustice PRLDEF
>475 Riverside Drive, Suite 1901
>New York, NY 10115
>212.319.3360
>CRuiz@latinojustice.org
>FFajana@latinojustice.org
>MLopez@latinojustice.org

*Application for admission pending.

**CERTIFICATION OF WORD COUNT COMPLIANCE**

Case Caption:  NYIC, et al. v. Trump, et al.

Case No:1:25-cv-001309

As required by Rule 7.1(c ) of the Joint Local Rules, S.D.N.Y. and E.D.N.Y., I certify the document contains 3,363 words excluding the parts of the document that are excepted by the rule.

I declare under penalty of perjury that the foregoing is true and accurate.

Dated: April 24, 2025                                              /s/ Cesar Z. Ruiz

                                                                             Cesar Z. Ruiz