**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| New York Immigration Coalition, *et al.*,<br><br>　*Plaintiffs*,<br><br>　　v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, *et al*.,<br><br>　*Defendants*. | **CIVIL ACTION NO:**<br>**25-cv-01309-MMG** |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF
THEIR MOTION FOR A PRELIMINARY INJUNCTION**

# **TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................1

**FACTUAL BACKGROUND** ........................................................................................3

**ARGUMENT** ..................................................................................................................6

   **A. Plaintiffs Satisfy the Requirements for Issuance of a Preliminary Injunction** ..................................................................................................................6

      a. Newly added Plaintiff M.P. has standing to challenge the birthright citizenship-banning Executive Order ...............................................................7

      b. Newly added Plaintiff M.P. is highly likely to succeed on the merits of her constitutional claims ........................................................................................9

      c. Plaintiffs suffer ongoing irreparable harm ..................................................10

   **B. Plaintiffs Seek Complete Relief** ................................................................12

**CONCLUSION** ............................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*A.H. by and through Hester v. French*, 985 F.3d 165 (2d Cir. 2021). .....................10

*CASA, Inc. v. Trump*, 763 F. Supp. 3d 723 (D. Md. 2025).........................................7

*Doe v. Trump*, 766 F. Supp. 3d 266 (D. Mass. 2025)..................................................7

*Oyama v. California*, 332 U.S. 633 (1948)...............................................................10

*State of Washington v. Trump*, 765 F. Supp. 3d 1142 (W.D. Wash. 2025)...............7

*Trop v. Dulles*, 356 U.S. 86 (1958)..............................................................................8

*Trump v. CASA, Inc.*, __S. Ct.__, 2025 WL 1773631 (June 27, 2025)........... passim

*Tuan Anh Nguyen v. I.N.S.*, 533 U.S. 53 (2001).........................................................8

*United States v. Wong Kim Ark*, 169 U.S. 649 (1898)................................................2

**Other Authorities**

"Protecting the Meaning and Value of American Citizenship," 90 Fed. Reg. 8449

   (Jan. 20, 2025). ........................................................................................1, 8

Jaclyn Diaz & Julian Kim, *DOJ Announces Plans to Prioritize Cases to Revoke*

   *Citizenship,* NPR (June 30, 2025). ........................................................................11

## **INTRODUCTION**

Executive Order 14160, purporting to ban birthright citizenship to U.S.-born children whose parents have temporary immigration status or are undocumented, is unlawful. Every court that has examined the birthright citizenship-banning Executive Order has reached the same indisputable conclusion. The birthright citizenship-banning Executive Order flagrantly defies the plain and unambiguous text of the Citizenship Clause of the Fourteenth Amendment to the United States Constitution, which for 157 years has guaranteed birthright citizenship. The Supreme Court's recent ruling partially staying three nationwide injunctions that forestalled the enforcement and implementation of the birthright citizenship-banning Executive Order did not disturb the Order's unlawfulness.[1]

This Court should enter a preliminary injunction enjoining the enforcement and implementation of the birthright citizenship-banning Executive Order. Plaintiffs previously filed a memorandum of law in support of their motion for a preliminary injunction fully demonstrating that they easily satisfy the requirements for issuance of a preliminary injunction. Nothing of legal import has changed. The birthright citizenship-banning Executive Order subverts a 127-year-old Supreme

---

[1] *See Trump v. CASA, Inc.*, __S. Ct.__, 2025 WL 1773631, * at 5 (June 27, 2025) ("[the Court does] not address whether the Executive Order violates the Citizenship Clause or Nationality Act."). The referenced Executive Order is 14160, entitled "Protecting the Meaning and Value of American Citizenship," 90 Fed. Reg. 8449 (Jan. 20, 2025).

1

Court precedent that guarantees birthright citizenship to children born on United States soil regardless of their parents' characteristics, including immigration status or national origin. *United States v. Wong Kim Ark*, 169 U.S. 649 (1898). In defying this precedent, the Order also offends firmly established equal protection principles proscribing discrimination on the basis of parental alienage or national origin and contravenes federal statutory laws. Plaintiffs continue to be irreparably harmed by the birthright citizenship ban. Individual Plaintiffs J.V. and D.F., who initially brought this action when they were pregnant but have since had their children, are yet to obtain United States citizenship-affirming passports for their newborns. Newly added Plaintiff M.P., an expectant mother, whose immigration status is targeted by the birthright citizenship-banning Executive Order and whose child is due in mid-September, fears for the future of her unborn child. Organizational Plaintiffs have constituents and members similarly situated to the individual Plaintiffs and who are similarly irreparably harmed. The public interest disfavors enforcement of an unlawful Executive Order and the equities heavily favor Plaintiffs.

 Plaintiffs submit this supplemental brief in further support of their motion for a preliminary injunction, specifically to a) establish newly added Plaintiff M.P.'s standing to challenge the birthright citizenship-banning Executive Order; b) bolster newly added Plaintiff M.P.'s showing of a high likelihood of success on the

2

merits of her constitutional claims; and c) reinforce Plaintiffs ongoing irreparable injury. Plaintiffs also ask this Court to grant them complete relief.

## FACTUAL BACKGROUND

Plaintiffs respectfully rest on their Second Amended Complaint and the Factual Background section of their memorandum of law in support of their motion for a preliminary injunction. Mem. Law Supp. Pl. Mot. Prelim. Inj. 5–10, ECF No. 20. Here, Plaintiffs provide supplemental facts from the declaration of newly added Plaintiff M.P., and updated declarations of J.V., D.F., the New York Immigration Coalition ("NYIC"), and Rural & Migrant Ministry ("RMM").

Newly added Plaintiff M.P. will be harmed by Executive Order 14160 ("the birthright citizenship-banning Executive Order" or "birthright citizenship ban"). She and her husband, the father of her unborn child, are Russian nationals whose immigration status is targeted by the birthright citizenship ban. M.P. Decl. ¶ 4. They have sought in the United States and cannot return to Russia. *Id.* M.P. is six months pregnant. *Id.* at ¶ 3. M.P. and her husband are fearful that their unborn child will be denied United States citizenship and that their future U.S.-born child will be denied the right to obtain a United States passport, a birth certificate, and, when the child is older, the right to educational, health and other benefits guaranteed to American citizens. *Id.* at ¶¶ 5–6. Defendants' birthright citizenship-

3

banning Executive Order violates M.P. and her unborn child's rights under the Fourteenth Amendment, discriminating against them on account of parental alienage and national origin.

Individual Plaintiffs J.V. and D.F., who originally brought this litigation when they were expectant parents and who have since had their U.S.-born children, also experience irreparable harm. While J.V. has received a birth certificate for her newborn who was born after February 19, 2025—the effective date of the birthright-citizenship banning Executive Order—the child is yet to obtain a United States citizenship-affirming passport. J.V. Decl. ¶ 7. J.V. is worried that the benefits of American citizenship will not be conferred on her U.S.-born child. *Id.* at ¶ 8.

Individual Plaintiff D.F. is also fearful that her U.S.-born child will not receive the full benefits of American citizenship. D.F. Decl. ¶ 8. D.F. is yet to obtain a birth certificate for her newborn or a United States citizenship-affirming passport. *Id.* at ¶ 7. Individual Plaintiffs are fearful about the future of their U.S.-born children, and the treatment that any future children they may give birth to in the United States will be subjected to. J.V. Decl. ¶¶ 11-12; D.F. Decl. ¶¶ 9-13.

Organizational Plaintiffs NYIC's and RMM's constituents and members are similarly harmed. One of NYIC's member organizations is Afghans for a Better Tomorrow ("AFBT"), which is itself an individual member-driven organization.

4

AFBT describes the plight of twelve members—some of whose children were born after the effective date of the birthright citizenship-banning Executive Order—whose immigration statuses are targeted and harmed by the birthright citizenship ban and who are fearful of the future of their current U.S.-born and unborn children. NYIC Decl. at ¶ 12; AFBT Decl. ¶ 11. Another NYIC member organization—La Colmena—also explains that six of its members impacted by the birthright citizenship-banning Executive Order also worry about the denial of American citizenship and its attendant benefits to their current U.S-born and unborn children. NYIC Decl. ¶ 13; La Colmena Decl.¶ 13. Given the uncertainty about the effective implementation date of the birthright citizenship-banning Executive Order, NYIC's constituents are fearful for the future of their current and future U.S.-born and unborn children. NYIC Decl. ¶¶ 11-13.

Organizational Plaintiff RMM's member, K.R., described in RMM's previous declaration is still an expectant mother.[2] K.R. is now eight months pregnant. RMM Decl. ¶ 9. K.R. still worries that her unborn child will be excluded from the benefits of American citizenship, including critical healthcare benefits, and rendered stateless. *Id.*

---

[2] RMM's previously provided declaration incorrectly stated that K.R. was five months pregnant. *See* RMM Decl. ¶ 9, ECF No. 23. At the time of the submission, she was four months pregnant.

5

# ARGUMENT

## A. Plaintiffs Satisfy the Requirements for Issuance of a Preliminary Injunction

Plaintiffs' previously submitted memorandum of law in support of their motion for preliminary injunction sets forth the four factors—likelihood of success, irreparable harm, balance of equities, and the public interest—necessary for issuance of a preliminary injunction. That brief demonstrated that Plaintiffs easily satisfy the factors and that they have standing to challenge the birthright citizenship-banning Executive Order. Mem. Law Supp. Pl. Mot. Prelim. Inj. 13–34, ECF No. 20 ("Pls. PI Br."). Plaintiffs remain highly likely to succeed on the merits of their claims that the birthright citizenship ban is unconstitutional, and they continue to suffer irreparable harm. The balance of the equities still tips in their favor as does the public interest.

This supplemental brief further supports Plaintiffs' motion for a preliminary injunction by: a) establishing newly added Plaintiff M.P.'s standing to challenge the birthright citizenship-banning Executive Order; b) bolstering newly added Plaintiff M.P.'s showing of a high likelihood of success on the merits of her constitutional claims; and c) reinforcing Plaintiffs' ongoing irreparable injury. The supplemental brief also asks this Court to grant complete relief to the Plaintiffs by enjoining the birthright citizenship ban.

6

### a. Newly added Plaintiff M.P. has standing to challenge the birthright citizenship-banning Executive Order

As every court that has considered the standing of an expectant parent has found, Plaintiff M.P. has standing to challenge the birthright citizenship ban. *See Doe v. Trump*, 766 F. Supp. 3d 266, 276 (D. Mass. 2025) ("Doe [the plaintiff] has plainly established injury, to herself and her unborn child, that is concrete, imminent, traceable to the EO [birthright citizenship-banning Executive Order], and redressable by the relief she seeks in this lawsuit."); *CASA, Inc. v. Trump*, 763 F. Supp. 3d 723, 744 (D. Md. 2025) (granting five pregnant mothers injunctive relief enjoining the birthright citizenship-banning Executive Order); *State of Washington v. Trump*, 765 F. Supp. 3d 1142, 1148 n.3 (W.D. Wash. 2025) ("Finally, though the Government does not challenge standing for the Individual Plaintiffs . . . the court nevertheless confirms that they have standing to bring this lawsuit. They are pregnant noncitizens whose children will be deprived of United States citizenship if the Order goes into effect . . . . [T]heir harms are directly traceable to the Order."). Plainly, here too, individual Plaintiff M.P., an expectant mother with temporary immigration status targeted by the birthright citizenship ban and whose future U.S.-born child will be denied United States citizenship and its attendant benefits under the ban, has standing to challenge it. Plaintiff M.P.'s injury is directly traceable to Defendants' unlawful ban and an order of this Court will redress the injury M.P. and

7

her future child will suffer from wrongful enforcement and implementation of the birthright citizenship-banning Executive Order.

While the original individual Plaintiffs, J.V. and D.F., are no longer pregnant and have had their children, they are yet to receive American citizenship-affirming passports, causing them to worry about the status of their U.S.-born children. Pertinently, Executive Order 14160 directs federal agencies not to "issue documents recognizing United States citizenship or accept documents issued by state, local, or other governments or authorities purporting to recognize United States citizenship to persons" targeted by the birthright citizenship-banning Executive Order. Exec. Order 14160, 90 Fed. Reg. 8449 (Jan. 20, 2025). Children born in the United States are "entitled as of birth to the full protection of the United States." *Tuan Anh Nguyen v. I.N.S.*, 533 U.S. 53, 67 (2001). The uncertainty about the fate of their children's American citizenship subjects Plaintiffs to "ever-increasing fear and distress[,]" where the threats of deportation, family separations, and statelessness loom large. *Trop v. Dulles*, 356 U.S. 86, 102 (1958). Plaintiffs plainly continue to have standing to seek redress. In the same vein, organizational Plaintiffs NYIC and RMM whose constituents and members are similarly situated to the individual Plaintiffs also continue to have standing to sue, as demonstrated in Plaintiff's memorandum of law supporting their motion for a preliminary injunction. Pls. PI Br. 18–21.

8

b. <u>Newly added Plaintiff M.P. is highly likely to succeed on the merits of her constitutional claims</u>

Birthright citizenship is enshrined in section 1 of the Fourteenth Amendment, known as the Citizenship Clause. And it has remained there. "Every court to evaluate the [birthright citizenship ban] has deemed it patently unconstitutional, and for that reason, has enjoined [Defendants] from enforcing it." *Trump v. CASA, Inc.*, 2025 WL 1773631, at *24 (June 27, 2025) (Sotomayor, J., dissenting). It is an "impossible task [given] the Constitution's text, history, [Supreme Court] precedents, federal law and Executive Branch practice" for Defendants to show how the birthright citizenship ban is lawful. *Id. See also* Pls. PI Br. at 21–25 for further discussion on the referenced Supreme Court precedents, federal law, and Executive Branch practice.

Birthright citizenship is "protected [no less] for children of undocumented persons [than for] descendants of Mayflower passengers." *Trump v. CASA, Inc.*, 2025 WL 1773631, at *26 (citation omitted) (Sotomayor J., dissenting). Simply put, the weight of authority supports Plaintiff M.P.'s claim that she is highly likely to succeed on the merits of her Citizenship Clause claim.

Plaintiff M.P. is also likely to succeed, as demonstrated in Pls. PI Br., on the merits of her claim that the birthright citizenship ban violates the Equal Protection Clause of the Fourteenth Amendment. Drawing arbitrary distinctions by classifying

9

the U.S.-born children of some noncitizens as worthy of United States birthright citizenship while depriving Plaintiff M.P.'s future U.S.-born child of the same benefit is illogical. Such specious differentiation, "as between the citizen children of a Chinese or English father and the citizen children of a Japanese father [Russian mother or Latina mothers] . . . is discrimination." *Oyama v. California*, 332 U.S. 633, 645 (1948). The same inescapable conclusion is warranted here. Plaintiff M.P. is highly likely to succeed on the merits of her constitutional claims.

### c. <u>Plaintiffs suffer ongoing irreparable harm</u>

Irreparable injury flows from the deprivation of a constitutional right. *See e.g.*, *A.H. by and through Hester v. French*, 985 F.3d 165, 184 (2d Cir. 2021) ("The denial of a constitutional right ordinarily warrants a finding of irreparable harm, even when the violation persists for 'minimal periods' of time."). Enforcement and implementation of the birthright citizenship-banning Executive Order will irreparably harm Plaintiff M.P. by depriving her future U.S.-born child of the constitutionally guaranteed birthright citizenship. No adequate legal remedy can restore that loss.

Enforcement and implementation of the birthright citizenship ban also irreparably harms individual Plaintiffs J.V. and D.F. Their newborns are yet to receive United States citizenship-affirming passports, the absence of which casts a

10

cloud of uncertainty on the citizenship status of their children. Even if those documents were to be received, unless the birthright citizenship ban is enjoined, Plaintiffs cannot have peace of mind that those documents will not be revoked or otherwise invalidated. Their fears are not unfounded. Amid the chaos unleashed in immigrant communities by the birthright citizenship ban, the federal government has also announced aggressive plans to revoke citizenship.[3]

Further, uncertainty abounds about the actual effective date of the unlawful birthright citizenship-banning Executive Order. While on its face, section 2 of the Executive Order calls for a February 19, 2025, effective date, the Supreme Court opined, on the government's "representation, [that] §2 of the Executive Order shall not take effect until 30 days after the date of [its June 27, 2025] opinion." *Trump v. CASA, Inc.*, 2025 WL 1773631, at *15. Defendants have not issued guidance disavowing enforcement and implementation against children born between February 19 and July 27 to parents like J.V. and D.F., and to scores of constituents and members of organizational Plaintiffs NYIC and RMM. Even if those children escaped enforcement, Plaintiff M.P., RMM's member K.R., J.V. and D.F.'s future children, and constituents and members of both NYIC and RMM whose children will be born post July 27, remain at risk. For these reasons, this Court should

---

[3] *See, e.g.*, Jaclyn Diaz & Julian Kim, *DOJ Announces Plans to Prioritize Cases to Revoke Citizenship,* NPR (June 30, 2025).

11

enjoin enforcement and implementation of the birthright citizenship-banning Executive Order.

Plaintiffs readily meet the last two factors for issuance of a preliminary injunction—weighing of the equities and the public interest—as established in Pls. PI Br.

### B. Plaintiffs Seek Complete Relief

When the Supreme Court partially stayed nationwide or universal injunctions issued in three cases challenging the birthright citizenship-banning Executive Order at issue here, it favored Rule 23's class action mechanism for obtaining complete relief. *See Trump v. CASA, Inc.*, 2025 WL 1773631, at *10 (noting "universal injunctions circumvent Rule 23's procedural protections"). Plaintiffs' Second Amended Complaint is styled as a class action, and Plaintiffs have submitted their brief in support of class certification showing that they meet the strictures of Rule 23(a) and seek a Rule 23(b)(2) class action.

Because Plaintiffs' submission demonstrates that the class they seek to certify is so numerous—members are in the thousands of individuals—that joinder is impracticable; that common issues of law or fact—unconstitutionality of Defendants' birthright citizenship-banning Executive Order—predominate; that their claims are typical of the claims of the putative class members; that they and their counsel will adequately represent the proposed class; and they seek a Rule

12

23(b)(2) class, Plaintiffs ask this Court to enjoin the enforcement and implementation of the birthright citizenship-banning Executive Order as to them and the putative class they seek to represent pending class certification. Although organizational Plaintiffs NYIC is statewide and RMM is regionwide, Plaintiffs commit to the sound discretion of this Court the scope of the injunction to issue to afford all Plaintiffs complete relief. *See Trump v. CASA, Inc.*, 2025 WL 1773631, at *19 (Kavanaugh, J., concurring) (noting Plaintiffs seeking Rule 23(b)(2) class certification and who request preliminary injunctive relief may "ask a court to award preliminary class-wide relief that may, for example, be statewide, regionwide, or even nationwide").

## CONCLUSION

For all of the reasons stated, Plaintiffs respectfully ask that this Court enjoin Executive Order 14160—the birthright citizenship-banning Executive Order.

Dated this 9th day of July, 2025

        Respectfully submitted,

        By: */s/ Francisca D. Fajana*
        Francisca D. Fajana
        Cesar Z. Ruiz
        Mariana C. Lopez
        Michael Asparrin*

                                                      LatinoJustice PRLDEF
                                                      475 Riverside Drive, Suite 1901
                                                      New York, NY 10115
                                                      212.219.3360
                                                      FFajana@latinojustice.org
                                                      CRuiz@latinojustice.org
                                                      Mlopez@latinojustice.org
                                                      MAsparrin@latinojustice.org

\*Admission application forthcoming

## CERTIFICATION OF WORD COUNT COMPLIANCE

Case Caption:     *NYIC, et al. v. Trump, et al*.

Case No:          1:25-cv-01309

As required by Rule 7.1(c ) of the Joint Local Rules, S.D.N.Y. and E.D.N.Y., I certify the document contains 2,787 words excluding the parts of the document that are excepted by the rule.

I declare under penalty of perjury that the foregoing is true and accurate.

Dated: July 9, 2025                                          */s/ Francisca D. Fajana*

                                                             Francisca D. Fajana