UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| New York Immigration Coalition et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, et al.<br><br>*Defendants*. | **CIVIL ACTION NO:**<br>**25-cv-01309-MMG** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

**INTRODUCTION AND PROCEDURAL HISTORY**..........................................1
**PROPOSED AMENDMENTS**.................................................................................3
**ARGUMENT** .................................................................................................................4


# Table of Authorities

**Cases**

*Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60 (2d Cir. 2012). ......7

*Foman v. Davis*, 371 U.S. 178 (1962)...................................................................5

*Grant v. Citibank (S.D.)*, *N.A.*, 2010 WL 5187754 (S.D.N.Y. Dec. 6, 2010). ...........5

*Harrison v. New York City Admin. For Children's Servs.*, No. 02-CIV.0947 RCC RLE, 2002 WL 2022932 (S.D.N.Y. Sept. 3, 2002). .................................................8

*Lesnik v. Lincoln Fin. Advisors Corp.*, No. 1:18-CV-03656 (PAC), 2019 WL 6169971 (S.D.N.Y. Nov. 20, 2019). ................................................................6, 8

*New York v. Green*, 420 F.3d 99 (2d Cir. 2005). ......................................................9

*Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008)..........................................8

*Sacerdote v. N.Y. Univ.*, 9 F.4th 95 (2d Cir. 2021). ...................................................5

*Stanley v. Phelon*, No. 23-731-CV, 2024 WL 1453872 (2d Cir. Apr. 4, 2024)..........5

*State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843 (2d Cir. 1981). ..........................8

*Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631 (U.S. June 27, 2025).. 2, 3, 7

*United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 567 F. Supp. 3d 429 (S.D.N.Y. 2021). ..............................................................................5

*Williams v. Citigroup Inc.*, 659 F.3d 208 (2d Cir. 2011)............................................9

*Zenith Radio Corp. v. Hazeltine Research, Ing.*, 401 U.S. 321 (1971).....................4

**Statutes**

5 .U.S.C. § 706(2)(B) ...........................................................................................1, 3

**Rules**

Fed. R. Civ. P. 15(a). ..............................................................................................9

Fed. R. Civ. P. 20(a) ...............................................................................................7

**INTRODUCTION AND PROCEDURAL HISTORY**

This case raises legal challenges to Executive Order 14160 denying birthright citizenship to persons born on or after February 19, 2025, to mothers who have temporary or no documented immigration status and whose fathers are not permanent resident aliens. Each court that has heard an analogous case has reached the conclusion that the Executive Order blatantly violates the plain text of the Fourteenth Amendment's Citizenship Clause. Plaintiffs challenge the constitutionality of Executive Order 14160 and seek declaratory and injunctive relief.

Plaintiffs seek leave to file their Second Amended Complaint, alleging that Executive Order 14160 contravenes the Citizenship Clause of the Fourteenth Amendment and the Fifth Amendment's equal protection guarantee; discriminates against both non-citizen parents and their U.S.-born current or future children based on the alienage and national origin of the parents, denying both "equal protection of the laws"; violates 8 U.S.C. § 1401(a)—section 301 of the Immigration and Nationality Act—which tracks the Citizenship Clause; and violates 5 .U.S.C. § 706(2)(B) of the Administrative Procedure Act ("APA"), prohibiting unconstitutional agency action.

Plaintiffs originally commenced this action on February 13, 2025, and filed an Amended Complaint on March 5, 2025. On March 13, 2025, most of the Defendants in this case petitioned the Supreme Court for an emergency partial stay

1

of nationwide injunctions issued in three separate cases: *CASA, Inc. v. Trump*, 763 F. Supp. 3d 723 (D. Md. 2025); *Washington v. Trump*, 765 F. Supp. 3d 1142 (W.D. Wash. 2025), and *New Jersey v. Trump*, No. 1:25-cv-10139-LTS, 2025 WL 485070 (D. Mass. Feb. 13, 2025). Eight days later, on March 21, 2025, Plaintiffs filed their Motion for a Preliminary Injunction. Pls.' Mot. Prelim. Inj., ECF No. 19. In their motion, Plaintiffs requested preliminary relief from Executive Order 14160 during the pendency of this action.

Defendants moved to stay this proceeding on April 11, 2025. This Court adjourned *sine die* a resolution of the Motion for Preliminary Injunction until resolution of the Motion to Stay. On April 24, 2025, Plaintiffs filed their opposition to Defendants' motion for a stay. Pls.' Mem. Law Opp. Defs.' Mot. Stay, ECF No. 35.

On June 27, 2025, the Supreme Court granted, in part, the government's application to stay the injunctions that prevented the implementation and enforcement of the executive order challenged here. *See Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631, at *15 (U.S. June 27, 2025) (hereinafter "*Trump v. Casa*"). This Court then ordered Plaintiffs to "advise [it] by letter, no later than July 2, 2025, whether they intend to amend their Complaint, substitute individual plaintiffs, or submit supplemental briefing on the Motion for Preliminary Injunction." Plaintiffs have so informed the Court, as these developments have

2

necessitated amendments to Plaintiffs' case. Pls.' Letter to Judge Garnett, ECF No. 42. Plaintiffs now seek leave to file a Second Amended Complaint.

## PROPOSED AMENDMENTS

The proposed amendments change the Amended Complaint, ECF No. 15, in several limited respects. First, the Second Amended Complaint adds class action allegations in response to the Supreme Court's decision in *Trump v. Casa*, which partially stayed three nationwide injunctions concerning the birthright citizenship ban. *Trump v. CASA*, 2025 WL 1773631, at *15. Without this amendment, this case cannot provide full relief to Plaintiffs and others similarly situated living in New York and beyond.

Second, the Second Amended Complaint includes an additional cause of action. The Plaintiffs allege that the birthright citizenship ban violates section 706(2)(B) of the APA, which proscribes agency action that is "contrary to constitutional right, power, privilege, or immunity." This amendment was necessitated by the Supreme Court's recent pronouncement in *Trump v. CASA* that its ruling does not alter a litigant's ability to ask a district court to set aside an unlawful agency action thereby affording broad relief to litigants and non-litigants alike. *See Trump v. CASA*, 2025 WL 1773631, at *19 (Kavanaugh, J. concurring) (explaining that the stay of nationwide preliminary injunctions does not mean that

3

plaintiffs cannot "ask a court to preliminarily 'set aside' a new agency rule" under an APA claim).

Third, the proposed amendments include the addition of a new plaintiff who is covered by the Executive Order and who has not yet given birth. Finally, minor adjustments have been made to the facts of the Plaintiffs already party to this action, including the birth of two of the original Individual Plaintiffs' children, the expiration of their Temporary Protected Status, and the status of their children's citizenship-affirming documents. Updated information regarding organizational Plaintiffs—New York Immigration Coalition and Rural & Migrant Ministry's membership and constituents have also been added to the Second Amended Complaint.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading . . . [with] the court's leave," and "[t]he court should freely give leave when justice so requires." The Court has discretion to grant or deny a request for leave to file an amended complaint. *See Zenith Radio Corp. v. Hazeltine Research, Ing.*, 401 U.S. 321, 330 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.") (citation omitted). Courts have interpreted the rule to provide a flexible standard, whereby permission to amend should be liberally granted. *See, e.g., Sacerdote v.*

*N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) ("This is a liberal and permissive standard . . . .") (citation and internal quotation marks omitted). Though, this liberal construction "ends if the district court issues a scheduling order setting a date after which no amendment will be permitted." *Id.* If the plaintiff files for leave to amend following this deadline, they must show good cause. *Id.* Otherwise, leave to file an amended pleading should be granted absent "undue delay, bad faith, dilatory motive, [] futility[, or undue prejudice to the opposing party]." *Sacerdote*, 9 F.4th at 115 (internal quotation marks omitted); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The burden to show prejudice, bad faith, or futility falls on the non-movant. *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 567 F. Supp. 3d 429 (S.D.N.Y. 2021), objections overruled sub nom. *United States v. Bon Secours Health Sys., Inc.*, No. 10 CIV. 9650 (RMB), 2023 WL 1992639 (S.D.N.Y. Feb. 14, 2023) (citing *Grant v. Citibank (S.D.), N.A.*, 2010 WL 5187754, at * 6 (S.D.N.Y. Dec. 6, 2010)).

Plaintiffs' amendments do not suffer any of the aforementioned infirmities. First, these amendments will not cause undue delay. Amended pleadings have been denied for undue delay when plaintiffs have attempted to add factual allegations after the deadline for amended complaints and failed to state a reason for the delay, while knowing of the additional facts before the deadline. *See e.g.*, *Stanley v. Phelon*, No. 23-731-CV, 2024 WL 1453872, *6–7 (2d Cir. Apr. 4, 2024). That is

5

not the case here. The Plaintiffs seek leave to amend their Amended Complaint in response to developments since filing the Amended Complaint, as well as the Court's Order on June 27, 2025, which stated that "amendments [to the Complaint] . . . should be filed by July 9, 2025." ECF No. 41. Plaintiffs have met that deadline. Moreover, this Court has found undue delay in filing for leave to amend when deficiencies with the original complaint arose months earlier. *See e.g. Lesnik v. Lincoln Fin. Advisors Corp.*, No. 1:18-CV-03656 (PAC), 2019 WL 6169971, at *2 (S.D.N.Y. Nov. 20, 2019). In *Lesnik*, the court denied leave to add a new cause of action because of the plaintiffs' months-long delay, which followed the start of discovery. Plaintiffs' new cause of action has arisen in response to the partial stay of nationwide preliminary injunctions in cases that raise APA issues. The Supreme Court issued this stay twelve days ago. Additionally, the amendment adding a new Plaintiff also does not cause undue delay.

 Furthermore, the Plaintiffs' amendments are made in good faith and without dilatory motive. First, many of the amendments are merely factual changes that reflect the passage of time. The Second Amended Complaint alleges facts updating the status of the original individual Plaintiffs who have had their children since their first Amended Complaint was filed in March 2025.

 Second, Plaintiffs' class allegations, which aim to protect their interests and those of similarly situated individuals, were made in good faith. The amendments

6

come in light of the recent Supreme Court decision in *Trump v. Casa*, which has changed the legal landscape under which Plaintiffs must operate. *Trump v. CASA*, 2025 WL 1773631, at *4 (asserting that universal injunctions "likely exceed the equitable authority that Congress has given to federal courts"). Specifically, the addition of a new Plaintiff protects the interests of putative class members who are or will be impacted by the birthright citizenship-banning Executive Order. The new plaintiff, M.P., who is in the same position as the original Plaintiffs J.V. and D.G. were when they filed suit, is an expectant mother covered by the birthright citizenship ban. As such, she is an appropriate addition to the case. *See* Fed. R. Civ. P. 20(a) (permitting addition of a party if they assert joint relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and . . . any question of law or fact common to all plaintiffs will arise in the action").

Third, given the Supreme Court's instruction about seeking broad relief under the APA, Plaintiffs' addition of an APA violation for themselves and others similarly situated to obtain broad-based relief is appropriate. *See Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60 (2d Cir. 2012) (granting leave to amend where a Supreme Court decision changed the pleading requirements after plaintiffs filed their complaint).

7

Finally, the amendments do not unduly prejudice defendants. In ascertaining prejudice, the Second Circuit considers "whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008). In *State Teachers Retirement Board v. Fluor Corporation*, the Second Circuit upheld Plaintiffs' leave to amend their complaint, which included additional claims. 654 F.2d 843, 855 (2d Cir. 1981). The court found no undue prejudice, as the amendments did not come "on the eve of trial." *Id.* at 856. In the instant case, the addition of the new cause of action does not prejudice Defendants. The cause of action is related to the original claims asserted in the first two complaints, and Defendants have yet to even file an answer to the first two complaints. *See Harrison v. New York City Admin. For Children's Servs.*, No. 02-CIV.0947 RCC RLE, 2002 WL 2022932 (S.D.N.Y. Sept. 3, 2002) (granting leave to amend as to new claims because they were related to claims in original complaint). *Cf. Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008) (denying leave to amend where the "proposed amendment c[ame] post-judgment in a case that had been trial-ready."); *Lesnik*, 2019 WL 6169971, at *3 (denying leave to amend where amending Complaint "would prejudice the Defendant by forcing the re-taking of numerous depositions" for the new cause of action).

8

The amendments in the instant case are appropriate and reasonable, do not substantively change the relief sought beyond class certification, and will help ensure Plaintiffs and those similarly situated are protected during the pendency of this action and upon resolution of the legal questions at issue. The Second Circuit has found that the "permissive standard [for deciding whether a complaint should be amended] is consistent with our 'strong preference for resolving disputes on the merits.'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-23 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

For the foregoing reasons, Plaintiffs respectfully request that this Court grant them leave to amend pursuant to Fed. R. Civ. P. 15(a).

Dated this 9th day of July, 2025

                                                                      Respectfully submitted,

                                                                        By: */s/ Mariana C. Lopez*
                                                                        Mariana C. Lopez
                                                                        Francisca D. Fajana
                                                                        Cesar Z. Ruiz
                                                                        Michael Asparrin*
                                                                        LatinoJustice PRLDEF
                                                                        475 Riverside Drive, Suite 1901
                                                                        New York, NY 10115
                                                                        212.319.3360
                                                                        FFajana@latinojustice.org
                                                                        CRuiz@latinojustice.org

Mlopez@latinojustice.org
Masparrin@latinojustice.org
*Admission Application Forthcoming

10

## WORD COUNT CERTIFICATION

I hereby certify that this affirmation complies with Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. This certificate certifies that the document complies with the word count limit. Compliance relied on the word count of the word-processing system used to prepare the document. The total number of words in this document, exclusive of the caption, table of contents, table of authorities, and signature block, is 1983 words.

Dated: New York, New York
      July 9, 2025

                      Respectfully submitted,

                      By: */s/ Mariana C. Lopez*
                      Mariana C. Lopez
                      Cesar Z. Ruiz
                      Francisca D. Fajana
                      Michael Asparrin*
                      LatinoJustice PRLDEF
                      475 Riverside Drive, Suite 1901
                      New York, NY 10115
                      212.319.3360
                      Mlopez@latinojustice.org
                      CRuiz@latinojustice.org
                      FFajana@latinojustice.org
                      Masparrin@latinojustice.org

*Admission Application Forthcoming

12