## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

New York Immigration Coalition, *et al.*,

    *Plaintiffs*,

      v.

DONALD J. TRUMP, President of the United States, in his official capacity, *et al.*,

    *Defendants*.

**CIVIL ACTION NO:
25-cv-01309-MMG**

## PLAINTIFF M.P.'S MEMORANDUM OF LAW IN SUPPORT OF HER <u>UNOPPOSED MOTION TO PROCEED ANONYMOUSLY</u>

## TABLE OF CONTENTS

INTRODUCTION.................................................................................................1

STATEMENT OF FACTS ...................................................................................1

ARGUMENT ......................................................................................................4

   **I.**   **Plaintiff M.P. Has a Strong Interest in Anonymity**.....................................5

     a.   Denying the motion for anonymity will harm Plaintiff under factors two and seven ....................................................................................................6

     b.   Plaintiff has maintained anonymity thus far, weighing in favor of factor seven.........................................................................................................9

   **II.**   **Protecting Plaintiff's Identity from Public Disclosure Would Not Prejudice Defendants.** .......................................................................................10

   **III.**   **Requiring Disclosure of Plaintiff's Identity Does Not Advance the Public's Interest.** ..........................................................................................11

   **CONCLUSION**..........................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Doe I v. Four Bros. Pizza*, No. 13 CV 1505(VB), 2013 WL 6083414 (S.D.N.Y.
Nov. 19, 2013). ...................................................................................14

*Doe v. Colgate Univ.*, No. 515CV1069LEKDEP, 2016 WL 1448829 (N.D.N.Y.
Apr. 12, 2016)...................................................................................17

*Doe v. Combs*, No. 24-CV-08810 (LAK), 2025 WL 268515 (S.D.N.Y. Jan 22,
2025)...........................................................................................17

*Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006). ...................................17

*Doe v. Dep't of Homeland Sec.*, No. CV 22-5172, 2023 WL 372085 (E.D. La. Jan.
24, 2023). ...........................................................................................16

*Doe v. Townes*, No. 19CV8034ALCOTW, 2020 WL 2395159 (S.D.N.Y. May 12,
2020). ...........................................................................................16

*Does 1-2 v. Hochul*, No. 21CV5067AMDTAM, 2022 WL 836990 (E.D.N.Y. Mar.
18, 2022). ...........................................................................................17

*Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000)................12

*EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003). .............................. 15, 16

*Gastelum-Quinones v. Kennedy*, 374 U.S. 469 (1963)...........................................13

*Kiakombua v. McAleenan*, No. 19-CV-1872 (KBJ), 2019 WL 11322784 (D.D.C.
July 3, 2019). ...................................................................................11

*Lozano v. City of Hazleton*, 496 F.Supp.2d 477 (M.D.Pa 2007) *aff'd in part, vacated in part on other grounds*, 620 F.3d 170 (3d Cir. 2010). ........................11

*Michael v. Bloomberg L.P.*, No. 14-CV-2657 TPG, 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015). .....................................................................................10

*MM v. Mayorkas*, No. 24-CV-02090 (NSR), 2024 WL 1795766 (S.D.N.Y. Apr. 25, 2024). .................................................................................. 9, 11, 16

*Plaintiffs # 1-21 v. Cnty. of Suffolk*, 138 F. Supp. 3d 264 (E.D.N.Y. 2015). ..........14

*R.F.M. v. Nielsen*, 365 F. Supp. 3d 350 (S.D.N.Y. 2019). ............................. passim

*Rapp v. Fowler*, 537 F. Supp. 3d 521 (S.D.N.Y. 2021)...........................................15

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). ........ 8, 9, 13, 16

## Other Authorities

Allan Smith, *Trump Aims to End Birthright Citizenship, Says American Citizens with Family Here Illegally May Be Deported*, NBC News (Dec. 8, 2024), https://www.nbcnews.com/politics/donald-trump/trump-aims-end-birthright-citizenship-says-american-citizens-family-il-rcna183274. ...................................7

Camilo Montoya-Galvez, *U.S. sending nonviolent, "low-risk" migrants to Guantanamo, despite vow to detain "the worst" there*, CBS (Feb. 12, 2025), https://www.cbsnews.com/news/guantanamo-bay-migrants-trump/. ..................12

Exec. Order 14160, 90 Fed. Reg. 8449 (Jan. 20, 2025)..............................................6

Jane C. Timm, *Fact-Checking Trump's Interview with 'Meet the Press'*, NBC
News (Dec. 8, 2024), https://www.nbcnews.com/politics/donald-trump/fact-
check-trump-interview-meet-the-press-rcna182995. ............................................7

Julia Reinstein & Hanna Demissie, *Trump Pushes False Claims that Haitian
Migrants Are Stealing and Eating Pets*, ABC News (Sep. 10, 2024),
https://abcnews.go.com/Politics/trump-pushes-false-claim-haitian-migrants-
stealing-eating/story?id=113570407. ............................................................8, 12

Maggie Astor, *Trump Doubles Down on Migrants 'Poisoning' the Country*, N.Y.
Times (Mar. 17, 2024), https://www.nytimes.com/2024/03/17/us/politics/trump-
fox-interview-migrants.html [on file with LatinoJustice PRLDEF]. ...............8, 12

*NYC Officials Give Workers Leeway to Allow Federal Immigration Agents to Enter
City Property*, Eyewitness News ABC 7 (Feb. 7, 2025),
https://abc7ny.com/post/immigration-nyc-officials-give-workers-leeway-allow-
federal-agents-enter-city-property/15876237/......................................................13

*Promises Made, Promises Kept: President Trump is Already Securing Our Border
and Deporting Criminal Aliens*, Dep't of Homeland Security (Jan. 26, 2025),
https://www.dhs.gov/news/2025/01/26/president-trump-already-securing-our-
border-and-deporting-criminal-aliens. ................................................................12

Rebecca Santana & Elliot Spagat, *Judge Blocks Order Barring Asylum Access at
Border and Gives Administration Two Weeks to Appeal*, Associated Press (July

2, 2025), https://apnews.com/article/immigration-asylum-lawsuit-trump-border-aclu-af374b821fb3872078beb5a495e01d8e. ..................................................8, 13

Right Side Broadcasting Network, *LIVE REPLAY: President Trump Holds a Rally in Uniondale, New York*, YouTube (Feb. 10, 2009), https://www.youtube.com/watch?v=UPZ9uMQ3z7U. ........................................12

Ted Hesson, *Trump Vows to End Birthright Citizenship for Children of Immigrants in US Illegally*, Reuters (May 30, 2023), https://www.reuters.com/world/us/trump-vows-end-birthright-citizenship-children-immigrants-us-illegally-2023-05-30/. .....................................................7

## Rules

Fed. R. Civ. P. 10(a) ..................................................................................8

Fed. R. Civ. P. 5.2(c) ...............................................................................10

## INTRODUCTION

Individual Plaintiff M.P. is a 34-year-old Russian national and expectant mother. She is six months pregnant and has a pending asylum petition. She and the other plaintiffs bring an action to challenge the constitutionality and legality of Executive Order 14160 ("the birthright citizenship ban"), signed by Defendant Donald J. Trump on January 20, 2025. The birthright citizenship ban would render Plaintiff M.P.'s future child stateless and deny the child all benefits associated with citizenship.

Given Defendant Donald J. Trump's statements against immigrants and his accompanying immigration enforcement actions, Plaintiff M.P. is apprehensive to bring this legal claim vindicating the constitutional rights of herself, her future child, and all others similarly situated. She fears harassment and retaliation, including the denial of her asylum application and the harm of deportation.

Accordingly, M.P. moves to appear in this matter anonymously to ensure she can protect her constitutional rights, those of her future child, and of others similarly situated through this challenge. Her interest in anonymity aligns with the public interest and is not in any way prejudicial to Defendants.

## STATEMENT OF FACTS

As fully set forth in Plaintiffs' complaint, Executive Order 14160 ("birthright citizenship ban") defies over a century-old, settled law. The birthright

citizenship ban, signed on January 20, 2025, by Defendant Donald J. Trump purports to strip U.S.-born children of their citizenship if at the time of birth the child's "mother was unlawfully present in the United States" or her presence "was lawful but temporary" and the father of the child was not a U.S. citizen or lawful permanent resident.[1] The birthright citizenship ban directs federal agencies not to issue documents recognizing U.S. citizenship or accept documents issued by any state, local, or other governments recognizing U.S. citizenship of U.S.-born children whose parents have temporary immigration status or who are undocumented.

Individual Plaintiff M.P., a Russian national who entered the U.S. in 2022 and has a pending asylum application, will be adversely impacted by the birthright citizenship ban. M.P. is six months pregnant. M.P.'s partner, the father of her future child, is also a Russian national who has sought asylum in the United States. Both have work authorization through August 2025 and reside in Staten Island, New York.

When M.P. heard on June 27, 2025, that the President's birthright citizenship ban would take effect, she was devastated. She had believed that her unborn child was protected. M.P. and her husband are very worried their unborn

---

[1] Exec. Order 14160, 90 Fed. Reg. 8449 (Jan. 20, 2025).

child will be denied United States citizenship. The birthright citizenship ban will render M.P.'s future child ineligible for a United States passport, a social security card, health care benefits, and when the child is older, benefits reserved for United States citizens. M.P. and her husband cannot return to Russia because they have sought asylum in the United States. They fear their child's future without United States citizenship. Defendants' birthright citizenship ban discriminates against M.P. and her future U.S.-born child and to others similarly situated on account of parental alienage and national origin.

Six weeks before the President signed the birthright citizenship ban, he inaccurately claimed "[w]e're the only country that has [birthright citizenship]," and vowed "to end it."[2] Am. Compl. ¶ 47, ECF No. 15. The President said the guarantee of birthright citizenship was "ridiculous."[3] *Id.* at ¶ 47. He said there were "record numbers of migrants crossing the border" and that birthright citizenship was a "magnet" pulling many migrants to do so. *Id.* at ¶ 47.[4] Leading up to the signing of the ban, the President claimed there was a "migrant crime" wave.[5] *Id.* at ¶ 48).  Four months before the President's birthright citizenship ban, he claimed

---

[2] Jane C. Timm, *Fact-Checking Trump's Interview with 'Meet the Press'*, NBC News (Dec. 8, 2024), https://www.nbcnews.com/politics/donald-trump/fact-check-trump-interview-meet-the-press-rcna182995.
[3] Allan Smith, *Trump Aims to End Birthright Citizenship, Says American Citizens with Family Here Illegally May Be Deported*, NBC News (Dec. 8, 2024), https://www.nbcnews.com/politics/donald-trump/trump-aims-end-birthright-citizenship-says-american-citizens-family-il-rcna183274.
[4] Ted Hesson, *Trump Vows to End Birthright Citizenship for Children of Immigrants in US Illegally*, Reuters (May 30, 2023), https://www.reuters.com/world/us/trump-vows-end-birthright-citizenship-children-immigrants-us-illegally-2023-05-30/.
[5] Timm, *supra* note 2.

Haitian migrants were stealing and "eating people's dogs and cats."[6] *Id.* at ¶ 49. And nine months before the ban, the President said immigrants were "poisoning the blood" of the nation.[7] *Id.* at ¶ 50. He contended that migrants crossing the southern border are "criminals flooding in from prisons and mental institutions."[8] *Id.* at ¶ 50. He referred to migrants as "animals" saying, "[t]hey are not people in my opinion."[9] *Id.* at ¶ 50. Most recently, the President has attempted to suspend access to asylum at the southern border.[10]

## **ARGUMENT**

Federal Rule of Civil Procedure 10(a) provides that "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). The Second Circuit, however, has recognized the need for courts to anonymize the identity of litigants in certain circumstances. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008); *cf.* Fed. R. Civ. P. 10(a). When deciding whether the use of a pseudonym is appropriate, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. The

---

[6] Julia Reinstein & Hanna Demissie, *Trump Pushes False Claims that Haitian Migrants Are Stealing and Eating Pets*, ABC News (Sep. 10, 2024), https://abcnews.go.com/Politics/trump-pushes-false-claim-haitian-migrants-stealing-eating/story?id=113570407.

[7] Maggie Astor, *Trump Doubles Down on Migrants 'Poisoning' the Country*, N.Y. Times (Mar. 17, 2024), https://www.nytimes.com/2024/03/17/us/politics/trump-fox-interview-migrants.html [on file with LatinoJustice PRLDEF].

[8] *Id.*

[9] *Id.*

[10] Rebecca Santana & Elliot Spagat, *Judge Blocks Order Barring Asylum Access at Border and Gives Administration Two Weeks to Appeal*, Associated Press (July 2, 2025), https://apnews.com/article/immigration-asylum-lawsuit-trump-border-aclu-af374b821fb3872078beb5a495e01d8e.

4

court provided a list of non-exhaustive factors to be considered in making this determination. No one factor is dispositive but merely aids the court in balancing the interests of the parties and the public. *MM v. Mayorkas*, No. 24-CV-02090 (NSR), 2024 WL 1795766, at *2 (S.D.N.Y. Apr. 25, 2024). The factors include:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature"; (2) "'whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties"; (3) whether identification presents other harms and the likely severity of those harms . . . ; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . ; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously . . . ; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities;" and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (internal citations omitted). Based on the totality of these factors, the court should grant Plaintiff M.P.'s motion to proceed anonymously.

## I.    Plaintiff M.P. Has a Strong Interest in Anonymity

Factors one, two, and seven, all factors which implicate Plaintiff's interest in anonymity, weigh in favor of Plaintiff's motion. Plaintiff M.P.'s claims raise highly sensitive matters that put her at substantial risk for retaliation in the form of

5

deportation, detention, harassment, doxxing, and other threats that would cause her physical and mental harm. Moreover, Plaintiff M.P. has remained anonymous to the Defendants, weighing in favor of continued protection of her identity.

a. Denying the motion for anonymity will harm Plaintiff under factors two and seven

The first factor weighs in favor of anonymity for Plaintiff M.P. Both the precarious nature of Plaintiff M.P.'s immigration status as well as the fact that this case implicates her status as a pregnant woman raises "matters that are highly sensitive and of a personal nature," which puts a thumb on the scale against disclosure. *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 371 (S.D.N.Y. 2019) (citing Fed. R. Civ. P. 5.2(c)) ("[I]mmigration matters are treated with sensitivity under the Federal Rules of Civil Procedure. . . . "); *Michael v. Bloomberg L.P.*, No. 14-CV-2657 TPG, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) ("[T]his [is not] the type of unusual case involving matters of a highly sensitive or personal nature—*i.e.*, claims involving sexual orientation, pregnancy, or minor children—in which courts have justified anonymous plaintiffs proceeding pseudonymously.").

Plaintiff M.P. should also be permitted to proceed anonymously because disclosure poses serious and imminent risks of retaliatory mental and physical harm to Plaintiff M.P., as well as innocent non-parties. The second *Sealed Plaintiff* factor is thus satisfied. Courts have held that "asylum seekers are particularly

vulnerable to retaliation if their names are revealed." *MM*, 2024 WL 1795766, at

*2 (citing *Kiakombua v. McAleenan*, No. 19-CV-1872 (KBJ), 2019 WL 11322784,

at *3 (D.D.C. July 3, 2019) ("[A]sylum seekers ... fall within a particularly

vulnerable class of migrants for whom confidentiality about the nature and

existence of their claims is particularly important.")). Additionally, in *Lozano v.*

*City of Hazleton*, the plaintiffs challenged ordinances impacting the housing and

employment of immigrants lawfully and unlawfully present in the United States.

496 F.Supp.2d 477 (M.D.Pa 2007) *aff'd in part, vacated in part on other grounds*,

620 F.3d 170 (3d Cir. 2010). The court ruled that the plaintiffs could proceed

anonymously because the trial testimony revealed that "the intense public interest

in the ordinances led at times to harassment and intimidation that created fear even

among those with a more secure social and legal status than the anonymous

plaintiffs." *Lozano*, 496 F.Supp.2d at 490. There is ample evidence of both the

uncertainty of her immigration status and "public interest" in immigration policy

decisions to make the threat of retaliation significant and well-founded. In light of

the recent eruptions in anti-immigrant policies and public statements by Defendant

Donald J. Trump, as well as the accompanying anti-immigrant sentiment

nationwide, Plaintiff M.P., an asylum applicant, faces a risk of being targeted for

retaliation and harassment. The harm she risks suffering ranges from widespread

public stigmatization to hate crimes, deportation, immigration detention, and denial

of her asylum application. These harms will fall not only on Plaintiff M.P. but also on her family members, especially her child, once they are born.

The President, for example, has made false and inflammatory claims about immigrants. He has claimed Haitian migrants were stealing and "eating people's dogs and cats."[11] Am. Compl. ¶ 49. He said immigrants are "poisoning the blood" of the nation and said immigrants crossing the southern border are "criminals flooding in from prisons and mental institutions."[12] *Id.* at ¶ 50. He also referred to immigrants as "animals."[13] *Id.* at ¶ 50. At a rally during his presidential campaign, Defendant Donald J. Trump, referring to migrants, claimed New York was facing "crime at record levels, with terrorists and criminals pouring in."[14]

These statements have been accompanied by threats and actions to detain[15] and deport immigrants[16], a harm that would deeply impact Plaintiff M.P. *See Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1071 (9th Cir. 2000) ("[W]here . . . plaintiffs fear extraordinary retaliation, such as deportation, arrest, and imprisonment, plaintiffs do not need to prove that they face a danger of

---

[11] Reinstein, *supra* note 6.
[12] Astor, *supra* note 7.
[13] *Id.*
[14] Right Side Broadcasting Network, *LIVE REPLAY: President Trump Holds a Rally in Uniondale, New York*, YouTube (Feb. 10, 2009), https://www.youtube.com/watch?v=UPZ9uMQ3z7U.
[15] *E.g.*, Camilo Montoya-Galvez, *U.S. sending nonviolent, "low-risk" migrants to Guantanamo, despite vow to detain "the worst" there*, CBS (Feb. 12, 2025), https://www.cbsnews.com/news/guantanamo-bay-migrants-trump/.
[16] *Promises Made, Promises Kept: President Trump is Already Securing Our Border and Deporting Criminal Aliens*, Dep't of Homeland Security (Jan. 26, 2025), https://www.dhs.gov/news/2025/01/26/president-trump-already-securing-our-border-and-deporting-criminal-aliens.

physical injury."). The threat of retaliatory deportation also extends to Sanctuary Cities like New York, where uncertainty about the risk of deportation is growing.[17] Moreover, President Trump recently attempted to suspend asylum access at the southern border,[18] raising further concerns about the vulnerabilities of asylum seekers in the United States.

Furthermore, the threat of retaliatory detention and deportation would cause emotional harm to Plaintiff M.P.'s family. Even if M.P.'s temporary protection remains, the threat of deportation to her future-stateless child will cause deep emotional harm for Plaintiff, her child, and the father of her child. *See Gastelum-Quinones v. Kennedy*, 374 U.S. 469, 479 (1963) ("[D]eportation is a drastic sanction, one which can destroy lives and disrupt families."); *Sealed Plaintiff*, 537 F.3d at 190 (the threat to non-parties may be "more critical[]" than that of parties themselves).

b. Plaintiff has maintained anonymity thus far, weighing in favor of factor seven

The seventh *Sealed Plaintiff* factor also tips the scale in favor of Plaintiff M.P. The seventh factor asks courts to consider whether the plaintiff's identity has

---

[17] *NYC Officials Give Workers Leeway to Allow Federal Immigration Agents to Enter City Property*, Eyewitness News ABC 7 (Feb. 7, 2025), https://abc7ny.com/post/immigration-nyc-officials-give-workers-leeway-allow-federal-agents-enter-city-property/15876237/.
[18] Rebecca Santana & Elliot Spagat, *Judge Blocks Order Barring Asylum Access at Border and Gives Administration Two Weeks to Appeal*, Associated Press (July 2, 2025), https://apnews.com/article/immigration-asylum-lawsuit-trump-border-aclu-af374b821fb3872078beb5a495e01d8e.

remained anonymous. Here, Plaintiff M.P. has not disclosed her identity to the defendants, and thus this factor weighs in her favor. *See Nielsen*, 365 F. Supp. 3d at 372 ("In this case, the plaintiffs have retained their anonymity, which weighs in favor of allowing the plaintiffs to continue anonymously).

## II.    Protecting Plaintiff's Identity from Public Disclosure Would Not Prejudice Defendants.

Allowing Plaintiff M.P. to proceed pseudonymously causes no prejudice to the defendants, tipping the sixth factor, prejudice to the defendant, in Plaintiff's favor.  Proceeding anonymously presents no harm considering the legal nature of this case and the relief sought. Plaintiff M.P. only raises purely legal claims about the constitutionality and legality of Executive Order 14160, and thus her individual identity will not aid the defendants in this matter. No fact-based inquiry is necessary. *C.f., Doe I v. Four Bros. Pizza*, No. 13 CV 1505(VB), 2013 WL 6083414, at *10 (S.D.N.Y. Nov. 19, 2013) ("Without knowing who has brought suit against them, defendants will be hard-pressed to conduct an internal investigation to develop their defenses . . . ."); *Plaintiffs # 1-21 v. Cnty. of Suffolk*, 138 F. Supp. 3d 264, 276 (E.D.N.Y. 2015) ("Plaintiffs' identities are of crucial importance to the Defendants in investigating and asserting defenses to those claims. . . . [T]he Court finds that the Defendants will be clearly prejudiced . . . ."). Additionally, all claims against Defendants are in their official capacities,

10

lessening concerns about reputational damage. *See Rapp v. Fowler*, 537 F. Supp. 3d 521, 531 (S.D.N.Y. 2021) ("In considering the sixth factor, courts have examined difficulties in conducting discovery, the reputational damage to defendants, and the fundamental fairness of proceeding anonymously.") (internal quotations and citations omitted).

### III. Requiring Disclosure of Plaintiff's Identity Does Not Advance the Public's Interest.

Revealing Plaintiff's identity will not advance the public's interest and is more likely to cause unnecessary harm. Factors five, eight, and nine, which raise issues regarding the public's interest and cases against public entities, all weigh in favor of Plaintiff M.P.'s motion for anonymity. M.P.'s claims vindicate the rights of a minority interest. Revealing her identity would be of no value to resolving the merits of this claim and would only serve to chill similar actions in the future.

The fifth *Sealed Plaintiff* factor weighs in favor of Plaintiff M.P. "[W]here a plaintiff attacks a governmental activity, for example, a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong" and "personal anonymity is more readily granted." *Nielsen*, 365 F.Supp.3d at 371 (quoting *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111, 112 (E.D.N.Y. 2003)). The court suggested this is because the plaintiff in these cases likely represents a minority interest, and there might be a public interest in

11

vindicating the plaintiff's rights. *Id*. Additionally, the personal identity of the plaintiff is not needed to resolve the matter. *Id*.  Here, Plaintiff M.P. brings a challenge against government entities, seeking to vindicate her rights and the rights of those similarly situated as well as the rights of her soon-to-be-born child. Furthermore, her personal characteristics have no bearing on the ultimate question in the case. Instead, she "'challenges the constitutional, statutory, or regulatory validity of government activity,' which weighs in favor of granting anonymity." *MM*, 2024 WL 1795766, at *2 (citing *Doe v. Dep't of Homeland Sec.*, No. CV 22-5172, 2023 WL 372085, at *3 (E.D. La. Jan. 24, 2023)).

*Sealed Plaintiff* factors eight and nine also weigh in favor of permitting Plaintiff M.P. to proceed anonymously. These factors direct courts to consider whether the public's interest in the litigation is furthered by disclosure of the plaintiff's identity but recognize that if the litigation deals with pure questions of law, the public's interest is weakened. *See Sealed Plaintiff*, 537 F.3d at 190; *see also Doe v. Townes*, No. 19CV8034ALCOTW, 2020 WL 2395159, *6 (S.D.N.Y. May 12, 2020). In *R.F.M. v. Nielsen*, for example, the plaintiffs raised a pure question of law when challenging the policies of the United States Citizenship and Immigration Services, because they argued the policies contravened federal and state law. 365 F.Supp. 3d at 372. The court found that this weighed in favor of the plaintiffs, as the identities of the plaintiffs had "little bearing on the nature of the dispute or the merits of the

case." *Id.* at 372 (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006)).

Similarly, Plaintiff M.P. raises pure questions of law, arguing that the birthright

citizenship ban violates the United States Constitution and federal law. As the

case's resolution will be decided on pure questions of law, Plaintiff M.P.'s identity

has little to no bearing on the merits, and there is no public interest in knowing the

plaintiff's identity.

Moreover, this challenge has been brought against a public figure and thus

might deter others from raising similar claims, undermining the public interest by

chilling public accountability. The court should consider this "chilling effect,"

which would "weigh in favor of permitting [the] Plaintiff[s] to continue

anonymously." *Does 1-2 v. Hochul*, No. 21CV5067AMDTAM, 2022 WL 836990,

at *7 (E.D.N.Y. Mar. 18, 2022); *Doe v. Combs*, No. 24-CV-08810 (LAK), 2025

WL 268515, *4 (S.D.N.Y. Jan 22, 2025); *see also Doe v. Colgate Univ.*, No.

515CV1069LEKDEP, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("The

Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal

his identity would have on future plaintiffs facing similar situations."). Given the

risks of retaliation outlined above, denying Plaintiff M.P.'s request for anonymity

will chill other immigrants with and without temporary protected status from

bringing similar challenges to the executive branch's unconstitutional, anti-

immigrant orders and policies.

## CONCLUSION

The *Sealed Plaintiff* factors overwhelmingly weigh in favor of granting Plaintiff M.P.'s motion to proceed anonymously. To deny this motion would risk significant harm against the Plaintiff, particularly given the current climate of animosity towards immigrants. The protection that this pseudonym would provide would not only benefit the named Plaintiff but would also avoid deterring others from vindicating their rights under the Constitution and laws of the United States. The Plaintiff's interests in anonymity far outweigh the potential for prejudice to Defendants.

For the foregoing reasons, Plaintiff M.P. respectfully asks the court to grant her motion to proceed anonymously.

Dated this 9<u>th</u> day of July, 2025

Respectfully submitted,

By: /s/Mariana C. Lopez
Mariana C. Lopez
Cesar Z. Ruiz
Francisca D. Fajana
Michael Asparrin*
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
212.319.3360
Mlopez@latinojustice.org
CRuiz@latinojustice.org

14

FFajana@latinojustice.org
Masparrin@latinojustice.org

*Admission Application Forthcoming

## **WORD COUNT CERTIFICATION**

I hereby certify that this affirmation complies with Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. This certificate certifies that the document complies with the word count limit. Compliance relied on the word count of the word-processing system used to prepare the document. The total number of words in this document, exclusive of the caption, table of contents, table of authorities, and signature block, is 3,509 words.

Dated: New York, New York
      July 9, 2025

Respectfully submitted,

By: /s/Mariana C. Lopez
Mariana C. Lopez
Cesar Z. Ruiz
Francisca D. Fajana
Michael Asparrin*
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
212.319.3360
Mlopez@latinojustice.org
CRuiz@latinojustice.org
FFajana@latinojustice.org
Masparrin@latinojustice.org

*Admission Application Forthcoming

16