UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK IMMIGRATION COALITION, *et al.*,

                      Plaintiffs,

      v.

DONALD J. TRUMP, *et al.*,

                 Defendants.

No. 25 Civ. 1309 (MMG)

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

JAY CLAYTON
United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Branch Director

BRAD P. ROSENBERG
Special Counsel

U.S. Department of Justice
Civil Division
1100 L Street N.W.
Washington, DC 20005

*Attorneys for Defendant*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..............................................................................................1

BACKGROUND ................................................................................................................3

    I.      The Executive Order .............................................................................................3

    II.     The Supreme Court's *Casa* Decision and Plaintiffs' Motion for
          Class Certification ................................................................................................4

ARGUMENT .....................................................................................................................6

    I.      THE COURT SHOULD DENY PLAINTIFFS' MOTION
          FOR CLASS CERTIFICATION ......................................................................6

         A.    The Rule 23 Requirements .............................................................................6

         B.    Plaintiffs Fail to Satisfy Rule 23's Requirements .......................................8

              1.     Plaintiffs Fail to Meet the Ascertainability Requirement ...............8

              2.     Plaintiffs Fail to Satisfy the Rule 23(b)(2) Requirements .............9

              3.     Plaintiffs Fail to Satisfy the Rule 23(a) Requirements .................11

              4.     Provisional Class Certification Should Not be Granted ...............15

    II.     THE COURT SHOULD EXERCISE ITS DISCRETION TO
          DISMISS, TRANSFER OR STAY THE CASE UNDER THE
          FIRST-FILED RULE.......................................................................................16

CONCLUSION.................................................................................................................18

## TABLE OF AUTHORITIES

Cases

*A.A.R.P. v. Trump,*
    145 S. Ct. 1364 (2025) ................................................................................ 15

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,*
    626 F.3d 699 (2d Cir. 2010) ........................................................................ 17

*Agostino v. Quest Diagnostics Inc.,*
    256 F.R.D. 437 (D.N.J. 2009) ..................................................................... 11

*Amchem Prod., Inc. v. Windsor,*
    521 U.S. 591 (1997) ...................................................................................... 7

*Baatz v. Columbia Gas Transmission, LLC,*
    814 F.3d 785 (6th Cir. 2016) ...................................................................... 18

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,*
    222 F.3d 52 (2d Cir. 2000) .......................................................................... 13

*Barbara v. Trump,* 25-cv244-JL-AJ, ___ F. Supp. 3d ___,
    2025 WL 1904338 (D.N.H. July 10, 2025) ............................................. 4, 5, 16, 18

*Berni v. Barilla S.p.A.,*
    964 F.3d 141 (2d Cir. 2020) .............................................................. 7, 8, 9, 10

*Brecher v. Republic of Argentina,*
    806 F.3d 22 (2d Cir. 2015) ............................................................................ 7

*Brown v. Kelly,*
    609 F.3d 467 (2d Cir. 2010) ..................................................................... 9, 10

*Bukhari v. Deloitte & Touche LLP,*
    No. 12 Civ. 4290 (PAE), 2012 WL 5904815 (S.D.N.Y. Nov. 26, 2012) ............... 17

*Castillo v. Taco Bell of Am., LLC,*
    960 F. Supp. 2d 401 (E.D.N.Y.2013) ........................................................ 18

*Comcast Corp. v. Behrend,*
    569 U.S. 27 (2013) ........................................................................................ 6

*Doe (1) v. Univ. of Kan. Hosp. Auth.,*
    No. 2:25-CV-02200-HLT-TJJ, 2025 WL 1634958 (D. Kan. June 9, 2025) ......... 14

*E. Tex. Motor Freight System, Inc. v. Rodriguez,*
    431 U.S. 395 (1977) .................................................................................... 13

*Findwhat.com v. Overture Servs.*,
  No. 02 Civ. 447 (MBM), 2003 WL 402649 (S.D.N.Y. Feb. 21, 2003)..................................... 17

*First City Nat. Bank and Trust Co. v. Simmons*,
  878 F.2d 76 (2d Cir.1989)......................................................................................................... 17

*Gen. Tel. Co. of Sw. v. Falcon*,
  457 U.S. 147 (1982)........................................................................................................... 6, 7, 10

*Gomes v. Acting Sec'y, U.S. Dep't of Homeland Sec.*,
  No. 20-CV-453-LM, 2020 WL 2113642 (D.N.H. May 4, 2020) ............................................. 16

*Greater Chautauqua Federal Credit Union v. Quattrone*,
  No. 22 Civ., 2753 (MKV), 2025 WL 869729 (S.D.N.Y. Mar. 20, 2025) ........................... 9, 10

*Heerwagen v. Clear Channel Communications*,
  435 F.3d 219 (2d Cir. 2006)...................................................................................................... 15

*Hyland v. Navient Corp.*,
  48 F.4th 110 (2d Cir. 2022) ......................................................................................................... 7

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
  241 F.R.D. 182 (S.D.N.Y. 2007) .............................................................................................. 16

*In re Ashley Madison Customer Data Sec. Breach Litig.*,
  MDL No. 2669, 2016 WL 1366616 (E.D. Mo. Apr. 6, 2016)................................................... 14

*In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*,
  341 F.R.D. 128 (D. Md. 2022)................................................................................................... 13

*In re Petrobras Securities*,
  862 F.3d 250 (2d Cir. 2017).......................................................................................... 2, 7, 8, 9

*Doe 3 v. Indyke*,
  No. 24 Civ. 1204 (AS), 2024 WL 4299757 (S.D.N.Y. Sept. 26, 2024) ................................... 13

*J.R. v. Atrium Health, Inc.*,
  No. 3:24-CV-00382-KDB-SCR, 2024 WL 3032890 (W.D.N.C. June 17, 2024) .................... 14

*Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*,
  342 U.S. 180 (1952).................................................................................................................... 17

*Mastercard Int'l Inc. v. Lexcel Solutions*,
  No. 03 Civ. 7157 (WHP), 2004 WL 1368299 (S.D.N.Y. June 16, 2004) ................................ 17

*Michael v. Bloomberg L.P.*,
  No. 14 Civ. 2657 (TPG), 2015 WL 585592 (S.D.N.Y Feb. 11, 2015)............................... 13, 14

*Michel v. Petco Animal Supplies Stores*,
    404 F. Supp 685 (E.D.N.Y. 2017) ...................................................................... 18

*Myers v. Herz Corp.*,
    624 F.3d 537 (2d Cir. 2010).................................................................................. 8

*Norris v. Phillip Morris Int'l Inc*,
    No. *3:24-cv-1267 (VAB)*, 2025 WL 167808 (D. Ct. June 13, 2025) ...................... 18

*Ontel Products, Inc. v. Project Strategies Corp.*,
    899 F. Supp. 1144 (S.D.N.Y.1995)...................................................................... 17

*Rapuano v. Trs. of Dartmouth Coll.*,
    334 F.R.D. 637 (D.N.H. 2020) ............................................................................ 13

*Reese v. Arrow Financial Services*,
    202 F.R.D. 83 (D. Ct. 2001) ................................................................................ 16

*Reliance Ins. Co. v. Six Star, Inc.*,
    155 F. Supp. 2d 49 (S.D.N.Y. 2001)..................................................................... 17

*Santana v. Cavalry Portfolio Services, LLC*,
    19 Civ. 3773 (PAE), 2019 WL 6173672 (S.D.N.Y. Nov. 19, 2019)........................ 18

*Sherman v. Trinity Teen Sols., Inc.*,
    339 F.R.D. 203 (D. Wyo. 2021) .......................................................................... 14

*Smith v. Bayer Corp.*,
    564 U.S. 299 (2011)............................................................................................. 5

*Spotless Enters. Inc. v. the Accessory Corp.*,
    415 F. Supp. 2d 203 (E.D.N.Y. 2006) .................................................................. 17

*Thomas v. Apple-Metro, Inc.*,
    No. 14 Civ. 120 (VEC), 2015 WL 505384 (S.D.N.Y. Feb. 5, 2015) ...................... 18

*Trump v. CASA, Inc.*,
    --- S. Ct. ---, 2025 WL 1773631 (U.S. June 27, 2025) .................................. 1, 4, 16

*Waite v. UMG Recordings, Inc.*,
    No. 19 Civ. 10901, 2023 WL 1069690 (S.D.N.Y. Jan. 27, 2023)........................... 10

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)................................................................................. 6, 7, 9, 11

*Wyler–Wittenberg v. MetLife Home Loans, Inc*,
    899 F. Supp. 2d 235 (E.D.N.Y.2012) .................................................................. 18

Statutes

8 U.S.C. § 1401 .................................................................................................................... 10

Rules

Fed. R. Civ. P 23 ............................................................................................................... 1, 7

Fed. R. Civ. P. 23(a) ...................................................................................................... *passim*

Fed. R. Civ. P. 23(a)(2)-(3) .................................................................................................. 2

Fed. R. Civ. P. 23(a)(4) .................................................................................................. 2, 12

Fed. R. Civ P 23(b) ....................................................................................................... 7, 16

Fed. R. Civ. P. 23(b)(2)................................................................................................. *passim*

Other Authorities

Exec. Order No. 14159 ...................................................................................................... 3

Exec. Order No. 14160 ...................................................................................................... 1

Exec. Order No. 14165 ...................................................................................................... 3

Proclamation No. 10886 .................................................................................................... 3

## PRELIMINARY STATEMENT

Defendants, by their attorneys, respectfully submit this memorandum of law in opposition to Plaintiffs' motion for class certification (ECF No. 44).

The Citizenship Clause of the Fourteenth Amendment provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."  U.S. Const. amend. XIV, § 1.  On January 20, 2025, President Trump issued an Executive Order addressing what it means to be "subject to the jurisdiction" of the United States.  *See* Exec. Order No. 14160, "Protecting the Meaning and Value of American Citizenship," 90 Fed. Reg. 8449 (Jan. 20, 2025) (the "Citizenship EO" or "EO").  The EO provides that the Constitution does not grant birthright citizenship to children whose mothers have temporary immigration status or are undocumented and whose fathers are not U.S. citizens or lawful permanent residents.

On February 13, 2025, Plaintiffs filed their initial complaint in this action, alleging, among other things, that the EO was unconstitutional, ECF No. 1, and an amended complaint on March 5, 2025, ECF No. 15.  Plaintiffs moved for a preliminary injunction on March 21, 2025.  ECF No. 19. On July 9, 2025, following the Supreme Court's decision in *Trump v. CASA, Inc.*, --- S. Ct. ---, 2025 WL 1773631 (U.S. June 27, 2025), Plaintiffs moved for permission to file a Second Amended Complaint containing class action allegations, ECF Nos. 46, and a motion for class certification, ECF No. 44.  Plaintiffs' motion for class certification should be denied because they have failed to meet the requirements of Fed. R. Civ. P 23.

Plaintiffs' proposed class definition, "persons born in the United States on or after February 19, 2025, who have been or will be denied birthright citizenship because their parents' immigration statuses are the subject of Executive Order 14160," Plaintiffs' Memorandum of Law in Support of

Their Motion for Class Certification (ECF No. 44-1) ("Pls. Class Cert. Mem."), at 20, is too vague and subject to individual inquiries to meet Rule 23's implied requirement of ascertainability. *See In re Petrobras Securities*, 862 F.3d 250, 260 (2d Cir. 2017). As defined by Plaintiffs, the class is indefinite because it is not clear who among the class will be subject to the EO. *Id.* For example, two of the named representatives have given birth to a child before the EO went into effect yet they still claim membership in the class for their children because, among other things, they fear that they will not be able to obtain citizenship affirming documents for them. *See* Second Amended Complaint (ECF No. 51) ¶¶ 30, 33. However, it is not at all clear whether these two children fall within the definition of the proposed class or will in the future. For similar reasons, Plaintiffs have not met the requirements of Fed. R. Civ. P. 23(b)(2) because the proposed class includes members who may not be at risk of injury based on the EO.

The differing birth statuses of the potential class members and immigration statuses of their parents also undermine Plaintiffs' assertion that "there are questions of law or fact common to the class," and that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(2)-(3). In addition, Plaintiffs cannot show that the "representative parties will fairly and adequately protect the interests of the class," given that all three named class representatives are proceeding pseudonymously. Fed. R. Civ. P. 23(a)(4). These factors all counsel in favor of denying Plaintiffs' motion for a class wide preliminary injunction.

Furthermore, under the first-filed rule, the Court should dismiss, stay, or transfer this case in light of the ongoing proceedings in *Barbara v. Trump*, No. 25-cv244-JL-AJ (D.N.H.).

The Court should deny Plaintiffs' motion for class certification.

# BACKGROUND

## I.    The Executive Order

The Citizenship EO is an integral part of President Trump's broader effort to address the United States' immigration system and the ongoing crisis at the southern border. *See, e.g.*, Exec. Order No. 14165, "Securing Our Borders," 90 Fed. Reg. 8467 (Jan. 20, 2025); Proclamation No. 10886, "Declaring a National Emergency at the Southern Border of the United States," 90 Fed. Reg. 8327 (Jan. 20, 2025); Exec. Order No. 14159, "Protecting the American People Against Invasion," 90 Fed. Reg. 8443 (Jan. 20, 2025) ("Unlawful Immigration EO").  The President has stated that individuals unlawfully in this country "present significant threats to national security and public safety," and that the severity of these problems warrants a full panoply of immigration measures. Unlawful Immigration EO, § 1.

The Citizenship EO seeks to correct the Executive Branch's prior misreading of the Citizenship Clause.  It recognizes that the Constitution and the Immigration and Nationality Act ("INA") provide for birthright citizenship for all persons who are born in the United States and subject to the jurisdiction thereof, and identifies two circumstances in which a person born in the United States is not automatically extended the privilege of citizenship:

> (1) when that person's mother was unlawfully present in the United States and the father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) when that person's mother's presence in the United States at the time of said person's birth was lawful but temporary (such as, but not limited to, visiting the United States under the auspices of the Visa Waiver Program or visiting on a student, work, or tourist visa) and the father was not a United States citizen or lawful permanent resident at the time of said person's birth.

Citizenship EO § 1.

Section 2(a) of the EO directs the Executive Branch (1) not to issue documents recognizing U.S. citizenship to persons born in the United States under the conditions described in section 1, and

(2) not to accept documents issued by state, local, or other governments purporting to recognize the U.S. citizenship of such persons. *Id.* § 2(a). The EO specifies, however, that those directives "apply only to persons who are born within the United States after 30 days from the date of this order," or February 19, 2025. *Id.* § 2(b). The Citizenship EO makes clear that its provisions do not "affect the entitlement of other individuals, including children of lawful permanent residents, to obtain documentation of their United States citizenship." *Id.* § 2(c).

With respect to enforcement, the EO directs the Secretary of State, the Attorney General, the Secretary of Homeland Security, and the Commissioner of Social Security to take "all appropriate measures to ensure that the regulations and policies of their respective departments and agencies are consistent with this order," and not to "act, or forbear from acting, in any manner inconsistent with this order." *Id.* § 3(a). It further directs the heads of all federal agencies to issue public guidance within 30 days (by February 19, 2025) "regarding this order's implementation with respect to their operations and activities." *Id.* § 3(b).

## II.    The Supreme Court's *CASA* Decision and Plaintiffs' Motion for Class Certification

On June 27, 2025, the Supreme Court held that the "universal injunctions" entered against the EO were not proper because "federal courts lack authority to issue them." *Trump v. CASA, Inc.*, --- S. Ct. ---, 2025 WL 1773631, at *13 (U.S. June 27, 2025).[1] The Supreme Court, however, declined to decide what "narrower relief [was] appropriate," holding that "[t]he lower courts should determine whether a narrower injunction is appropriate" and "leav[ing] it to them to consider these and any

---

[1] The Citizenship EO has been challenged in nine other separate lawsuits pending in judicial districts in Maryland, California, the District of Columbia, Massachusetts, New Hampshire, and Washington. Three district courts originally entered universal injunctions enjoining the EO. *See CASA*, 2025 WL 1773631, at *4. Following the Supreme Court's decision in *Casa*, the district court in the District of New Hampshire granted the plaintiffs' motion for a class wide preliminary injunction. *See "Barbara" v. Trump*, No. 25-cv244-JL-AJ, ___ F. Supp. 3d ___, 2025 WL 1904338 (D.N.H. July 10, 2025).

related arguments." *Id.* at *12. The Court accordingly directed that "[t]he lower courts shall move expeditiously to ensure that, with respect to each plaintiff, the injunctions comport with this rule and otherwise comply with principles of equity." *Id.* at *15. The Supreme Court further recognized that "[section] 2 of the Executive Order shall not take effect until 30 days after the date of this opinion." *Id.*

In discussing why universal injunctions are inappropriate, the Supreme Court observed that they "circumvent Rule 23's procedural protections and allow 'courts to create *de facto* class actions at will.'" *Id.* at *10 (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011)). However, the Supreme Court stressed "Rule 23's limits on class actions." *Id.* Notably, in his concurrence, Justice Alito underscored that "district courts should not view [the Supreme Court]'s decision as an invitation to certify nationwide classes without scrupulous adherence to the rigors of Rule 23 . . . [o]therwise, the universal injunction w[ould] return from the grave under the guise of 'nationwide class relief.'" *Id.* at *18 (Alito, J., concurring).

Following the Supreme Court's decision, Plaintiffs filed a motion for permission to file a Second Amended Complaint containing class action allegations, ECF Nos. 46 (which was granted on July 14, 2025 (ECF No. 50)), and a motion for class certification, ECF No. 44. The Second Amended Complaint, which was filed on July 15, 2025 (ECF No. 51) and re-filed on July 16 and 17, 2025 (ECF Nos. 53, 57), is brought on behalf of three individual representatives (J.V., D.F., and M.P., proceeding anonymously), each of whom entered the United States unlawfully and has applied for asylum. *See* Second Amended Complaint ¶¶ 29-35. Two of the individual representatives (J.V. and D.F.) gave birth to a child after February 19, 2025, *id.* ¶¶ 30, 32, the third individual representative (M.P.) is due to give birth in mid-September, *id.* ¶ 34. There are also two organizational plaintiffs: New York Immigration Coalition ("NYIC") and Rural & Migrant Ministry ("RMM"). *Id.* ¶¶ 36-47. NYIC is

"a statewide, member-led coalition of over 170 immigrant and refugee-rights groups throughout New York." *Id.* ¶ 36. RMM is "a grassroots non-profit organization committed to migrant justice, equity, and civic integration." *Id.* ¶ 43.

Plaintiffs seek to certify a class "defined as persons born in the United States on or after February 19, 2025, who have been or will be denied birthright citizenship because their parents' immigration statuses are the subject of Executive Order 14160." Pls. Class Cert. Mem. at 20. Plaintiffs do not request nationwide relief, but rather "commit to the sound discretion of this Court the scope of the injunction to issue to afford all Plaintiffs complete relief." Plaintiffs' Supplemental Brief in Support of Their Motion for a Preliminary Injunction (ECF No. 45) ("Pls. Suppl. Mem.") at 13.

## ARGUMENT

### I.    THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

#### A.  The Rule 23 Requirements

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011); *see also Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (same). To fall within this exception, Plaintiffs "must affirmatively demonstrate [their] compliance" with Rule 23. *Wal-Mart*, 564 U.S. at 350. As the Supreme Court has explained, "Rule 23 does not set forth a mere pleading standard." *Id.* Rather, "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied[.]'" *Id.* at 350–51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

To meet this "affirmative" burden of compliance with Rule 23, Plaintiffs must demonstrate the existence of each element required by Rule 23(a), *i.e.*, that (1) there are sufficiently numerous

parties ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims of the named plaintiff are typical of those of the class ("typicality"); and (4) the named plaintiff will fairly and adequately protect the interests of the class ("adequacy of representation"). Fed. R. Civ. P. 23(a); *see also Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). "[A]ctual, not presumed, conformance with Rule 23(a) [is] indispensable." *Falcon*, 457 U.S. at 160.

The Second Circuit has also "'recognized an implied requirement of ascertainability in Rule 23,' which demands that a class be 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" *Petrobras Securities*, 862 F.3d at 260 (quoting *Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015)). Although not a demanding standard, the "ascertainability requirement, as defined in this Circuit, asks district courts to consider whether a proposed class is defined using objective criteria that establish membership with definite boundaries." *Petrobras Securities*, 862 F.3d at 269.

If each of these requirements (including ascertainability) under Rule 23(a) is met, then the proposed class must "satisfy at least one of the three requirements listed in Rule 23(b)." *Wal-Mart*, 564 U.S. at 345. Plaintiffs here assert that their class should proceed under Rule 23(b)(2). Pls. Class Cert. Mem. at 21. Rule 23(b)(2) permits a class action when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Class certification under Rule 23(b)(2) is proper only when a "'single injunction or declaratory judgment would provide relief to each member of the class.'" *Berni v. Barilla S.p.A.*, 964 F.3d 141, 146 (2d Cir. 2020) (quoting *Wal-Mart*, 564 U.S. at 360–61). "'[A] class may <u>not</u> be certified under Rule 23(b)(2) if <u>any</u> class member's injury is not remediable by the injunctive or declaratory relief sought.'" *Hyland v. Navient Corp.*, 48 F.4th 110, 118–19 (2d Cir.

2022) (quoting *Berni*, 964 F.3d at 146) (emphasis in original).  Accordingly, the Court must take into consideration whether the relief sought "is proper for each and every member of the group."  *Berni*, 964 F.3d at 146.  Plaintiffs bear the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements are met.  *Myers v. Herz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).

## B.  Plaintiffs Fail to Satisfy Rule 23's Requirements

### 1.  Plaintiffs Fail to Meet the Ascertainability Requirement

Plaintiffs' proposed class definition fails because it does not use objective criteria to establish membership with definite boundaries.  *See Petrobras Securities*, 862 F.3d at 269.  In fact, the class definition is not a definition at all by attempting to include everyone affected by the EO without defining who they are or may be: "persons born in the United States on or after February 19, 2025, who have been or will be denied birthright citizenship because their parents' immigration statuses are the subject of Executive Order 14160."  Pls. Class Cert. Mem. at 20.  This definition is too vague and indefinite because it includes numerous individuals whose membership status would, at a minimum, require individual inquiries.

This flaw is evident from the face of the Second Amended Complaint.  Plaintiffs allege that J.V.'s daughter, who was born after February 19, 2025 (*see* Second Amended Complaint ¶ 30), nonetheless is a member of the class because while J.V. "has received a birth certificate for her newborn," she "has not obtained a United States passport" for her daughter and she "worries that without citizenship affirming documents . . . [her daughter] could become a stateless nomad without a home country," *id.*  However, based on these allegations, it is entirely unclear whether J.V.'s daughter will be denied birthright citizenship and therefore be included within the class definition.  Indeed, that may possibly turn on the reason why a passport has not yet issued.

The same is true of Plaintiff D.F.  Plaintiffs allege that she gave birth to her daughter after February 19, 2025, *id.* ¶ 32, and claim that her daughter is a member of the proposed class because D.F. has "yet to obtain a birth certificate affirming her birth in the United States," *id.* ¶ 33.  Again, it is completely unclear whether D.F.'s daughter "ha[s] been or will be denied birthright citizenship because their parents' immigration statuses are the subject of Executive Order 14160."  Pls. Class Cert. Mem. at 20.  Because the proposed class is "indeterminate in some fundamental way," the Court should not certify the class.  *Petrobras Securities*, 862 F.3d at 269.

### 2.  Plaintiffs Fail to Satisfy the Rule 23(b)(2) Requirements

For similar reasons, Plaintiffs also fail to meet the requirements of Rule 23(b)(2) which permits a class action when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Class certification under Rule 23(b)(2) is proper only when a "single injunction or declaratory judgment would provide relief to each member of the class."  *Berni*, 964 F.3d at 146 (internal quotation marks and citation omitted); *see also Wal-Mart*, 564 U.S. at 360 (Rule 23(b)(2) is satisfied where the challenged policy "can be enjoined or declared unlawful only as to all of the class members or as to none of them").  Stated differently, "if the proposed class includes members who are not at risk of injury based on the enforcement of the [EO] then injunctive relief sought on behalf of the class as a whole under Rule 23(b)(2) would be inappropriate."  *Greater Chautauqua Federal Credit Union v. Quattrone*, No. 22 Civ. 2753 (MKV), 2025 WL 869729, at *12 (S.D.N.Y. Mar. 20, 2025); *see also Brown v. Kelly*, 609 F.3d 467, 482 (2d Cir. 2010) (denying Rule 23(b)(2) statewide class certification because proposed class definition includes members not at risk of injury by defendants).   Therefore, the Court must

take into consideration whether the relief sought "is proper for each and every member of the group." *Berni*, 964 F.3d at 146.

Here, as shown above, the Court would need to engage in individualized analysis to ensure that the relief sought would be appropriate for all of the members included in the proposed class. "The need for these individualized inquiries and the fact that the relief sought would be difficult, if not impossible, to apply on a classwide basis runs contrary to Rule 23(b)(2)." *Greater Chautauqua*, 2025 WL 869729, at \*12*; see also Berni*, 964 F.3d at 146; *Waite v. UMG Recordings, Inc.*, No. 19 Civ. 10901, 2023 WL 1069690, at \*9 (S.D.N.Y. Jan. 27, 2023).  Indeed, there is no basis on this record to conclude that the children of two of the named plaintiffs require any injunctive relief.  *See Falcon*, 457 U.S. at 156 ("a class representative must be part of the class") (cleaned up); *Brown*, 609 F.3d at 482.

Moreover, the varying factual and legal circumstances of the members of Plaintiffs' proposed class defeat their attempt to satisfy Rule 23(b)(2).  Plaintiffs' proposed class consists of at least four distinct groups, the children of: (1) individuals like J.V. and D.F. who do not have legal status in this country and gave birth after February 19, 2025; (2) individuals like M.P. who do not have legal status in this country and are pregnant; (3) individuals who have temporary status in this country and gave birth after February 19, 2025; and (4) individuals who have temporary status in this country and are pregnant.[2]  But these proposed class members are differently situated in ways that may be relevant depending on the Court's rulings on the merits.  For example, Defendants argue that no person covered by the Executive Order is "subject to the jurisdiction" of the United States for purposes of the Fourteenth Amendment and 8 U.S.C. § 1401.  That is because, among other things, the phrase

---

[2] For all four of these groups the fathers of the children are not a U.S. citizen or a lawful permanent resident.

"subject to the jurisdiction thereof" refers to an individual's domicile, and, Defendants contend, individuals covered by the Executive Order are not domiciled in the United States.  But if the Court were to accept Defendants' first premise (that birthright citizenship depends on domicile) and not the second (that individuals covered by the Executive Order are *categorically* not domiciled in the United States), then whether different class members are entitled to relief depends upon individualized factual determinations—and attendant legal analysis—regarding their domiciles.  Similarly, if the Court were to conclude that individuals who do not have legal status in this country are not "subject to the jurisdiction" of the United States within the meaning of the Citizenship Clause but individuals lawfully present on a temporary basis are, then members of the proposed class would again need to be treated differently.  *See Agostino v. Quest Diagnostics Inc.*, 256 F.R.D. 437, 469 (D.N.J. 2009) (where proposed class is insufficiently cohesive, certification is rightly denied).

These divergent factual and legal issues make clear that this is not necessarily a case where the challenged policy "can be enjoined or declared unlawful only as to all of the class members or as to none of them."  *Wal-Mart*, 564 U.S. at 360.  Put another way, the relief that Plaintiffs seek is not "indivisible," *id.*, it can be parceled out to different class members based on their particular circumstances in the form of party-specific injunctions.

Accordingly, Plaintiffs have failed to satisfy the inquiry under Rule 23(b)(2) for class certification.

### 3.   Plaintiffs Fail to Satisfy the Rule 23(a) Requirements

Plaintiffs also fail to meet their burden of establishing commonality, typicality, and adequacy of representation.  *See* Fed. R. Civ. P. 23(a).  In particular, the variations within the proposed class undermine Plaintiffs' assertion of commonality and typicality.  As there are at least four subclasses of children within the proposed class who are differently situated both factually and legally, it cannot

be said that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a). Similarly, the claims of the three named representatives are not "typical" of a proposed class that varies substantially both as to legal presence and factors regarding whether they have already given birth and their domicile. Although the named representatives represent two cross-sections of individuals present without lawful status, they still are not "typical" of a class that includes children of parents who are present in the United States on a tourist visa for a planned one-week stay for the purpose of giving birth (e.g., birth tourists), parents who are present in the United States on a tourist visa for a planned one-week stay and gave birth prematurely and have no intent to ever return to the United States, parents who have been present in the United States on a student visa for a decade, children of all of those groups, and many others. Plaintiffs even seek to represent the interests of parents and children who have left the United States and may have no desire to ever seek any of the privileges of American citizenship from Defendants.[3]

Plaintiffs also have not met the adequacy prong of Rule 23(a)(4). *See, e.g.*, ECF No. 50 (granting plaintiff M.P's motion to proceed anonymously and referencing prior orders granting additional named plaintiffs' motions to proceed anonymously).[4] The adequacy requirement of Rule 23 is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Determining adequacy of representation . . . requires the Court to determine: (1) whether the named plaintiffs . . . have any conflicts of interest with other class members; and (2)

---

[3] This analysis is not affected by the declaration of Plaintiff RMM in which it avers that one of its members (K.R.) is eight months pregnant and both she and the father of her child are non-citizens. *See* Declaration of Reverend Richard Witt, Executive Director of RMM (ECF No. 45-7) ¶ 9. The facts relating to KR are very similar to Plaintiff M.P.

[4] In its Order granting Plaintiff M.P.'s motion to proceed anonymously (ECF No. 50), the Court provided Defendants an opportunity to oppose the request. Defendants do so here and object to Plaintiffs proceeding pseudonymously only to the extent it impacts their ability to serve as class representatives.

whether the named plaintiffs . . . will prosecute the action vigorously on behalf of the entire class."

*In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 341 F.R.D. 128, 150 (D. Md. 2022)

(quotation omitted); *accord Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d

Cir. 2000). Class representatives must "possess the same interest and suffer the same injury" as the

class members, otherwise, they are "simply not eligible to represent a class of persons who did

allegedly suffer injury." *E. Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 405

(1977) (internal quotation marks and citation omitted).

The same concerns regarding commonality and typicality likewise defeat the named

representatives' adequacy at this second step of the analysis. The named representatives will

necessarily have an interest in making only arguments that cover them and, as explained above, the

varying factual and legal arguments regarding domicile and lawful status in this country could present

divergent legal theories across the class. *See In re Fosmax Products Liability Litigation*, 2458 F.R.D.

389, 400 (S.D.N.Y. 208) (adequacy requirement not satisfied because "it is possible that the class

representatives would rely on arguments that are adverse to the interests of other class members").

Also, as to the first prong, courts have expressed "concerns about the prospect of a

pseudonymous plaintiff acting as a class representative." *Rapuano v. Trs. of Dartmouth Coll.*, 334

F.R.D. 637, 649 (D.N.H. 2020). This is because of "the important role class representatives play as

the public face of the class action" and because "[p]utative class members have an interest in knowing

the identities of all class representatives so that they may assess whether the representatives

adequately represent them." *Id.*; *see also Doe 3 v. Indyke*, No. 24 Civ. 1204 (AS), 2024 WL 4299757,

at *4 (S.D.N.Y. Sept. 26, 2024) ("Class members have a 'heightened interest in knowing who purports

to represent their interests in the litigation,' . . . because they must be able to 'properly evaluat[e] the

qualifications of the class representative.'") (quoting *Michael v. Bloomberg L.P.*, No. 14 Civ. 2657

(TPG), 2015 WL 585592, at *4 (S.D.N.Y Feb. 11, 2015) (citation omitted)); *J.R. v. Atrium Health, Inc.*, No. 3:24-CV-00382 (KDB) (SCR), 2024 WL 3032890, at *1 n.4 (W.D.N.C. June 17, 2024) ("[S]ome out-of-circuit courts have not permitted class representatives to proceed pseudonymously in litigation because it hampers the evaluation of the class representatives' ability to represent the entire class."); *Sherman v. Trinity Teen Sols., Inc.*, 339 F.R.D. 203, 206 (D. Wyo. 2021) ("class members should know who is representing them").  Pseudonymity thus makes it "unclear how [p]laintiffs [can] satisfy their burden to show adequacy when they are unknown or how they would evaluate potential conflicts with other class members."  *Doe (1) v. Univ. of Kan. Hosp. Auth.*, No. 2:25-CV-02200 (HLT) (TJJ), 2025 WL 1634958, at *4 (D. Kan. June 9, 2025); *see also Sherman*, 339 F.R.D. at 205-06 (denying motion to proceed under pseudonym and finding that plaintiff's role as class representative weighs in favor of an open proceeding); *In re Ashley Madison Customer Data Sec. Breach Litig.*, MDL No. 2669, 2016 WL 1366616, at *4-5 (E.D. Mo. Apr. 6, 2016) (ruling that plaintiffs could not proceed pseudonymously as class representatives because the class members and public had interest in knowing who was guiding and directing the litigation).

Here, all the class representatives seek to proceed pseudonymously, presenting exactly those concerns and underscoring that Plaintiffs have failed to meet their burden to affirmatively demonstrate adequacy.  Because the named Plaintiffs are proceeding without revealing their identities, members of the class will not be able to evaluate whether the named class representatives actually represent the class's interests.  Plaintiffs have offered no mechanism for class members to ensure that their representatives adequately represent them.  Absent any such mechanism, the choice

of named Plaintiffs to proceed pseudonymously defeats their assertion of adequate representation and should preclude class certification.[5]

### 4. Provisional Class Certification Should Not Be Granted

Plaintiffs' request that this Court enter a preliminary injunction now on behalf of a provisional Rule 23(b)(2) class is inappropriate. *See* Pls. Class Cert. Mem. at 22. Rule 23 contemplates that injunctive relief generally is appropriate only *after* a court has assured itself that the class action can be certified and that the relief granted to a Rule 23(b)(2) class is "final injunctive relief." Fed. R. Civ. P. 23(b)(2). This manner of proceeding is appropriate given that courts have often concluded that "[d]iscovery on the prerequisites of Rule 23 is plainly appropriate and in some cases necessary." *Heerwagen v. Clear Channel Communications,* 435 F.3d 219, 233-34 (2d Cir. 2006) (citations omitted).

Plaintiffs, however, request that the Court "issue provisional relief to the putative class pending class certification." Pls. Class Cert. Mem. at 22. However, the plain text of Rule 23(b)(2) and the rigorous requirements to show class certification evince that provisional class actions should not be commonplace. While the Supreme Court recently suggested the availability of provisional certification in *A.A.R.P. v. Trump*, 145 S. Ct. 1364 (2025), where it "grant[ed] temporary injunctive relief to preserve [its] jurisdiction," that is not the situation here. *Id.* at 1368; *accord id.* at 1369 ("[T]his Court may properly issue temporary injunctive relief to the putative class in order to preserve

---

[5] For similar reasons, discovery is warranted before the Court certifies a class. The record regarding Plaintiffs' adequacy to represent a class of enormous size and on a matter of significant consequence consists of only the declarations submitted by the three anonymous plaintiffs and the organizational plaintiffs, all of which largely go to the subjective harm Plaintiffs believe they are experiencing. *See* ECF Nos. 45-1 through 45-7. Defendants should be permitted the opportunity to pursue discovery to assess whether the Rule 23 requirements are met.

our jurisdiction pending appeal.").  The injunction Plaintiffs seek is not necessary to preserve this Court's jurisdiction.

Prior to class certification, putative class members are not parties, and the Supreme Court has cautioned that injunctions for the purpose of preventing harm to nonparties exceed a court's equitable powers.  *CASA*, 2025 WL 1773631, at *15.  In the absence of any separate justification for relief— such as the need to secure the Court's jurisdiction—there is not a basis for injunctive relief to a putative class.  *See Iglesias-Mendoza v. La Belle Farm, Inc.*, 241 F.R.D. 182, 184 (S.D.N.Y. 2007) (declining to provisionally certify a class because of the "intertwining of the class and merits-based issues" and observing "I cannot provisionally certify a class first and make those fact-findings later"). In any event, this Court should not grant provisional certification because Plaintiffs have failed to meet the requirements of Rule 23.  *See, e.g.*, *Reese v. Arrow Financial Services*, 202 F.R.D. 83, 91 n.5 (D. Ct. 2001) (rejecting request to certify class provisionally where plaintiffs failed to show requirements of Rule 23 had been met); *Gomes v. Acting Sec'y, U.S. Dep't of Homeland Sec.*, No. 20-CV-453 (LM), 2020 WL 2113642, at *1 (D.N.H. May 4, 2020) ("Provisional certification does not lower the bar with respect to the Rule 23(a) and (b) standards; the court must conduct a rigorous inquiry and satisfy itself that the putative class meets those requirements.") (internal quotation marks and citation omitted).

## II.    THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS, TRANSFER OR STAY THE CASE UNDER THE FIRST-FILED RULE

Following the Supreme Court's decision in *CASA*, the district court in the District of New Hampshire granted the plaintiffs' motion for a class wide preliminary injunction enjoining the EO. *See* "*Barbara*", 2025 WL 1904338, at *4.  To promote efficiency, this Court should exercise its discretion to dismiss, stay, or transfer this case pursuant to the first-filed rule.

The "first-filed" rule is a well-settled legal doctrine, instructing that "where there are two [or more] competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *First City Nat. Bank and Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir.1989) (quotations and citations omitted). "Deference to the first filing embodies considerations of judicial administration and conservation of resources and recognizes that a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 626 F.3d 699, 722 (2d Cir. 2010) (citations and internal quotation marks omitted); *see also Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183 (1952) (first-filed rule promotes "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation"); *Ontel Products, Inc. v. Project Strategies Corp.,* 899 F. Supp. 1144, 1150 (S.D.N.Y.1995) (first-filed rule enables courts to prevent "duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue"). The first-filed rule creates a presumption that the first suit should have priority between two similar actions filed in different fora. *Mastercard Int'l Inc. v. Lexcel Solutions,* No. 03 Civ. 7157 (WHP), 2004 WL 1368299, at *8 (S.D.N.Y. June 16, 2004); *accord Reliance Ins. Co. v. Six Star, Inc.,* 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001); *Findwhat.com v. Overture Servs.,* No. 02 Civ. 447 (MBM), 2003 WL 402649, at *4-5 (S.D.N.Y. Feb. 21, 2003).

Application of the first-filed rule requires that the first and subsequently filed case(s) have either identical or substantially similar parties and claims. *See Spotless Enters. Inc. v. the Accessory Corp.,* 415 F. Supp. 2d 203, 205–06 (E.D.N.Y. 2006); *Bukhari v. Deloitte & Touche LLP,* No. 12 Civ. 4290 (PAE), 2012 WL 5904815, at *3 (S.D.N.Y. Nov. 26, 2012) ("the first-filed rule has been

applied to class action suits filed by different plaintiff classes against the same defendant"). Pursuant to the rule, "a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action." *See Castillo v. Taco Bell of Am., LLC,* 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013) (citation omitted). In the alternative, courts may opt to transfer a case to the first-filed district or stay the second case pending resolution of the first-filed case. *See Wyler–Wittenberg v. MetLife Home Loans, Inc .,* 899 F. Supp. 2d 235, 247–250 (E.D.N.Y. 2012); *see also Thomas v. Apple-Metro, Inc.*, No. 14 Civ. 4120 (VEC), 2015 WL 505384, at *2 (S.D.N.Y. Feb. 5, 2015).

Here, the district court in the District of New Hampshire has already certified a provisional nationwide class and enjoined the EO. *Barbara*, 2025 WL 1904338, at *4.[6] Each member of the class that Plaintiffs seek to certify is included within the *Barbara* class and the defendants are substantially the same. *Id.* Moreover, the cases involve nearly identical claims. *Id.* Under these circumstances, the Court should exercise its discretion to dismiss, stay, or transfer this case. *See Norris v. Phillip Morris Int'l Inc*, No. 3:24-cv-1267 (VAB), 2025 WL 1677808, at *8 (D. Ct. June 13, 2025) (granting motion to stay under first-filed rule); *Wyler–Wittenberg,* 899 F. Supp. 2d at 247–250 (transferring nationwide collective and class action under first-filed rule); *see also Michel v. Petco Animal Supplies Stores*, 404 F. Supp 3d 685, 689-90 (E.D.N.Y. 2017) (transferring class action under first-filed rule).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for class certification and dismiss, transfer, or stay this case.

---

[6] That a first-filed class action "has not yet reached the class certification stage does not prevent application of the first-filed rule." *Santana v. Cavalry Portfolio Services*, *LLC*, No. 19 Civ. 3773 (PAE), 2019 WL 6173672, at *4 (S.D.N.Y. Nov. 19, 2019); *see also Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790 (6th Cir. 2016) (first-filed rule applies when "there is substantial overlap with the putative class even though the class has not yet been certified").

Dated:  New York, New York
            July 18, 2025

JAY CLAYTON                                    BRETT A. SHUMATE
United States Attorney                         Assistant Attorney General
Southern District of New York                  Civil Division

By:    /s/ Jeffrey Oestericher                 ALEXANDER K. HAAS
       JEFFREY OESTERICHER                     Branch Director
       Assistant United States Attorney
       Tel.:  (212) 637-2695                   BRAD P. ROSENBERG

       Email:  jeffrey.oestericher@usdoj.gov   Special Counsel

                                               U.S. Department of Justice
                                               Civil Division
                                               1100 L Street N.W.
                                               Washington, DC 20005

                                               *Counsel for Defendants*

**Certificate of Compliance**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 6036 words.