UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK IMMIGRATION COALITION, *et al.*,

                             Plaintiffs,

          v.

DONALD J. TRUMP, *et al.*,

                           Defendants.

No. 25 Civ. 1309 (MMG)

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

JAY CLAYTON
United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Branch Director

BRAD P. ROSENBERG
Special Counsel

U.S. Department of Justice
Civil Division
1100 L Street N.W.
Washington, DC 20005

*Attorneys for Defendants*

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .....................................................................................................................2

THE COURT SHOULD DISMISS, TRANSFER, OR STAY THIS ACTION.............................2

    A.    The First-Filed Rule Applies to This Case ................................................2

    B.    The President Should Be Dismissed .........................................................4

    C.    Plaintiff NYIC Lacks Standing ................................................................4

    D.    The Second Amended Complaint Fails to State a Claim..........................7

        1.    Plaintiffs' APA Cause of Action Should Be Dismissed ..............7

        2.    Plaintiffs' Claims Fail on the Merits ...........................................8

CONCLUSION....................................................................................................................8

# TABLE OF AUTHORITIES

**CASES**                                                                **PAGE(s)**

*African Communities Together v. Lyons*,
  No. 25 Civ. 6366 (PKC), 2025 WL 2633396 (S.D.N.Y. Sept. 12, 2025) .........................5

*Bano v. Union Carbide Corp.*,
  361 F.3d 696 (2d Cir. 2004)...........................................................................................5

*Barbara v. Trump*,
  Civ. A. No. 25-244-JL-AJ, 2025 WL 1904338 (D.N.H. July 10, 2025) ............................3

*Burger v. Am. Maritime Officers Union*,
  170 F.3d 84, 1999 WL 46962 (5th Cir. Jan. 27 1999).....................................................3

*Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*,
  868 F.3d 104 (2d Cir. 2017)...........................................................................................5

*Citizens for Responsibility and Ethics in Washington v. Trump*,
  971 F.3d 102 (2d Cir. 2020)...........................................................................................4

*Clinton v. Security Benefit Life Ins. Corp.*,
  No. 19-24803, 2020 WL 1185275 (S.D. Fla. Mar. 12, 2020)..........................................3

*Crosley Corp. v. Hazeltine Corp.*,
  122 F.2d 925 (3d Cir. 1941)...........................................................................................3

*Do No Harm v. Pfizer, Inc.*,
  126 F.4th 109 (2d Cir. 2025) ..........................................................................................5

*Doe v. Trump*,
  --- F.4th ---, 2025 WL 2814730 (1st Cir. Oct. 3, 2025)...............................................1, 2

*FDA v. Alliance for Hippocratic Medicine*,
  602 U.S. 367 (2024)..............................................................................................5, 6, 7

*Franklin v. Massachusetts*,
  505 U.S. 788 (1992)..........................................................................................................4, 7

*Hunt v. Washington State Advertising Commission*,
  432 U.S. 333 (1977)........................................................................................................5

*In re Cuyahoga Equipment Corp.*,
  980 F.2d 110 (2d Cir. 1990).........................................................................................2

*League of United Latin Citizens v. Executive Office of the President*,
    780 F. Supp. 3d 135 (D.D.C. 2025) ...............................................................7

*Louisiana v. Biden*,
    622 F. Supp. 3d 267 (W.D. La. 2022).............................................................7

*Mississippi v. Johnson*,
    71 U.S. (4 Wall) 475 (1866) .........................................................................4

*Napolitano v. Flynn*,
    949 F.2d 617 (2d Cir. 1991)..........................................................................4

*Nat'l Family Planning & Reproductive Health Ass'n v. Sullivan*,
    No. 92-2177, 1992 WL 345629 (D.D.C. Oct. 5, 1992) ...................................3

*Pen Am. Ctr., Inc. v. Trump*,
    448 F. Supp. 3d 309 (S.D.N.Y. 2020)....................................................4, 6, 7

*Semmes Motors, Inc. v. Ford Motor Co.*,
    429 F.2d 1197 (2d Cir. 1970)........................................................................3

*Spotless Enterprises Inc. v. The Accessory Corp.*,
    415 F. Supp. 2d 203 (E.D.N.Y. 2006) ..........................................................2

*U.S. Army Corps of Eng'rs v. Hawkes Co., Inc.*,
    578 U.S. 590 (2016).....................................................................................7

*Washington v. Trump*,
    145 F.4th 1013 (9th Cir. 2025) .....................................................................3

**STATUTES**

8 U.S.C. § 1401(a) ...............................................................................................2

**OTHER AUTHORITIES**

Executive Order No. 14160 .............................................................................. *passim*

## PRELIMINARY STATEMENT

Defendants (the "Government"), by their attorneys, respectfully submit this reply memorandum of law in further support of their motion to dismiss the Second Amended Complaint ("SAC").

Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Pls. Br.") (ECF No. 72) illustrates why the Court should dismiss, transfer, or stay this action pursuant to the first-filed rule. Plaintiffs' primary argument is that their "unadjudicated equal protection claim distinguishes this case from other pending cases with rulings construing the birthright citizenship ban." Pls. Br. at 3. But that is not factually correct. An equal protection claim is being advanced in another suit challenging Executive Order No. 14160, "Protecting the Meaning and Value of American Citizenship," 90 Fed. Reg. 8449 (Jan. 20, 2025) (the "Citizenship EO" or "EO"), which has already proceeded through an appeal. *See Doe v. Trump*, --- F.4th ---, 2025 WL 2814730, at *2 (1st Cir. Oct. 3, 2025). Moreover, even if it were true, the existence of one additional argument challenging the constitutionality of the EO would not provide a basis to proceed with this litigation given that universal injunctions have already been entered by courts in earlier-filed cases, and the Government has submitted petitions for certiorari to the United States Supreme Court.

In addition, the claims alleged in the Second Amended Complaint are legally defective. As a threshold matter, the Court does not have jurisdiction to enter injunctive relief against the President. Accordingly, Plaintiffs' claims against the President must be dismissed.

Plaintiff New York Immigration Coalition ("NYIC") also lacks standing. Contrary to Plaintiffs' assertions, NYIC cannot establish representational standing by showing that one of its

members might have representational standing.  Pls. Br. at 19-20.  Moreover, NYIC cannot establish standing in its own right because it has not suffered a perceptible impairment of its activities.

Finally, Plaintiffs cannot challenge the EO under the Administrative Procedure Act ("APA"), and Plaintiffs' claims directly under the Constitution and based on alleged violations of 8 U.S.C. § 1401(a) are not legally sound.

Accordingly, the Court should dismiss, transfer, or stay this action.

## ARGUMENT

## THE COURT SHOULD DISMISS, TRANSFER, OR STAY THIS ACTION

### A.  The First-Filed Rule Applies to This Case

Plaintiffs assert that the Court should not apply the first-filed rule because, unlike the other cases challenging the EO, they uniquely have asserted an Equal Protection Clause claim.  Pls. Br. at 3, 26.  But that is not correct.  The plaintiffs in *Doe v. Trump*, 25-cv-10135 (D. Mass.), have also alleged an Equal Protection Clause violation (ECF No. 1 – Complaint ¶¶ 57-64, 91-97), as was recently noted by the First Circuit Court of Appeals in adjudicating the Government's appeal, *see Doe v. Trump*, 2025 WL 2814730, at \*2.  In any event, the existence of one additional, related claim should not affect application of the first-filed rule.  The rule applies where the prior action(s) and the later action have "substantially similar," or identical, parties or claims.  *See, e.g.*, *Spotless Enterprises Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006) (emphasis added) (citing *In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 116-117 (2d Cir. 1992)).

Plaintiffs' alternative suggestion that it is important for challenges to the EO to "percolat[e] in district courts," Pls. Br. at 25, is also unpersuasive.  As Plaintiffs concede, the Government has already submitted petitions for certiorari in two cases challenging the EO.  *See* Pls. Br. at 26 (citing *Trump v. Washington*, 25-364 and *Trump v. Barbara*, 25-365).  Moreover, all of the district courts

that have reached the merits have struck down the EO, as Plaintiffs are requesting here.  *See* Pls. Br. at 25-26.

At bottom, Plaintiffs cannot deny that they are included within the nationwide class that has been certified in previously filed suits challenging the EO and which seek the same relief as here. *See, e.g.*, *Barbara v. Trump*, Civ. A. No. 25-244-JL-AJ, 2025 WL 1904338, at *4, *12 (D.N.H. July 10, 2025).  Accordingly, to promote efficiency, the Court should exercise its discretion to dismiss, transfer, or stay this case pursuant to the first-filed rule.  *See Washington v. Trump*, 145 F.4th 1013, 1019 (9th Cir. 2025) ("[b]ecause the Individual Plaintiffs are covered by a certified class action in another federal court, we decline to exercise jurisdiction over their claims and dismiss them"); *County of Santa Clara v. Trump*, No. 5:25-cv-981, ECF No. 44 (N.D. Cal. Aug 19, 2025) (staying proceedings pending resolution of nationwide injunctions issued in other cases challenging the Citizenship EO); *Thien Le v. Trump*, No. 8:25-cv-104, ECF No. 24 (C.D. Cal. July 8, 2025) (granting stay pending further proceedings on remand from the Supreme Court in *Trump v. CASA*); *see also Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970) ("'Courts already heavily burdened with litigation with which they must of necessity deal should [] not be called upon to duplicate each other's work in cases involving the same issues and the same parties'") (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941)).[1]

---

[1] Contrary to Plaintiffs' assertion (Pls. Br. at 25-26), the fact that the Government has appealed the nationwide injunctions against the EO and has already sought certiorari in the Supreme Court counsels in favor, not against, applying the first-filed rule.  *Washington*, 145 F.4th at 1026; *Clinton v. Security Benefit Life Ins. Corp.*, No. 19-24803, 2020 WL 1185275, at *2 (S.D. Fla. Mar. 12, 2020) ("'the same policy concerns for avoiding duplicative litigation and comity [can also] exist when a similar matter is pending in a federal district court and a federal court of appeals in a different circuit'") (quoting *Burger v. Am. Maritime Officers Union*, 170 F.3d 84, 1999 WL 46962, at *1 (5th Cir. Jan. 27 1999)); *Nat'l Family Planning & Reproductive Health Ass'n v. Sullivan*, No. 92-2177, 1992 WL 345629 at *2-*3 (D.D.C. Oct. 5, 1992) (declining to exercise jurisdiction where duplicative litigation was ongoing in federal court of appeals).

**B.  The President Should Be Dismissed**

Plaintiffs' argument that they can obtain an injunction against the President, Pls. Br. at 23-24, fares no better.  Plaintiffs fail to acknowledge that the "Supreme Court has long held that courts have 'no jurisdiction of a bill to enjoin the President in the performance of his official duties' that are discretionary."  *Citizens for Responsibility and Ethics in Washington v. Trump*, 971 F.3d 102, 110 (2d Cir. 2020) (Cabranes, CJ, dissenting from the order denying rehearing en banc) (quoting *Mississippi v. Johnson*, 71 U.S. (4 Wall) 475, 501 (1866)).  The only potential exception to that rule is that the Supreme Court has "left open the question whether courts have jurisdiction to enjoin the President for duties that are 'ministerial.'"  *CREW*, 971 F.3d at 110 (citing *Franklin v. Massachusetts*, 505 U.S. 788, 802-03 (1992)).  However, Plaintiffs do not contend that the injunctive relief they are seeking against the President concerns a ministerial act.  Pls. Br. at 23-24.  Accordingly, the President is not a proper defendant and the claims against him must be dismissed.  *See Napolitano v. Flynn*, 949 F.2d 617, 622 (2d Cir. 1991) ("A President's actions are 'ministerial' . . . when 'nothing is left to discretion.'"); *see also Pen Am. Ctr., Inc. v. Trump*, 448 F. Supp. 3d 309, 328 (S.D.N.Y. 2020) (ruling that injunction was not available against the President because the President "has broad discretion over national security issues").[2]

**C.  Plaintiff NYIC Lacks Standing**

Plaintiffs also misapply the representational standing test in arguing that NYIC has standing. Plaintiffs contend that the SAC sufficiently alleges NYIC's standing by pleading that "NYIC is composed of constituent member organizations whose individual members are expectant couples who

---

[2] Even if Plaintiffs could characterize their proposed injunction against the President as involving a ministerial act, that would not assist them.  Several lower courts have correctly "held or suggested that courts lack jurisdiction to order injunctive relief directly against the President even for so-called ministerial acts."  *CREW*, 971 F.3d at 110 (citing cases).

will be harmed if the EO takes effect."  Pls. Br. at 20; *see also* SAC ¶ 39 (alleging that "NYIC member organization, Afghans for a Better Tomorrow – a member led organization—has at least twelve members whose immigration statuses are targeted by the birthright citizenship ban").  However, NYIC cannot rely on the representational standing of one of its member organizations to establish its own representational standing.  Rather, to establish representational standing, NYIC must show, *inter alia*, that "'its members would otherwise have standing to sue *in their own right*.'"  *Bano v. Union Carbide Corp.*, 361 F.3d 696, 713 (2d Cir. 2004) (emphasis added) (quoting *Hunt v. Washington State Advertising Commission*, 432 U.S. 333, 343 (1977)); *see also African Communities Together v. Lyons*, No. 25 Civ. 6366 (PKC), 2025 WL 2633396, at *6 (S.D.N.Y. Sept. 12, 2025) (to establish representational standing plaintiff must show that a "particular member of the organization would have had standing to bring the suit individually") (internal quotation marks and citation omitted).  Thus, the fact that one of NYIC's membership organizations may have representational standing to challenge the EO, *see* Pls. Br. at 20, does not support NYIC's standing.  *Bano*, 361 F.3d at 713; *Do No Harm v. Pfizer, Inc.,* 126 F.4th 109, 118 (2d Cir. 2025) (organization must show that one of its members would have standing to sue on its own behalf).

Plaintiffs' attempt to expand the representational standing allegations in the SAC by arguing in their brief that one member organization – Afghans for a Better Tomorrow ("AFBT") – itself suffered an injury in fact, Pls. Br. at 21-22 (citing Declaration of Arash Azzizada, Co-Director and Co-Founder of AFBT ("AFBT Declaration") (ECF No. 45-5)), also fails.  That is because the AFBT Declaration demonstrates that AFBT has not suffered an injury in fact for purposes of standing.

To have standing in its own right, AFBT must "show '(i) an imminent 'injury in fact' to itself as an organization (rather than to its members) that is 'distinct and palpable'; (ii) that its injury is 'fairly traceable' to enforcement of the [challenged conduct]; and (iii) that a favorable decision would redress

its injuries.'" *African Communities*, 2025 WL 2633396, at *8 (quoting *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017)).  Merely "divert[ing] … resources in response" to government action, or allocating more resources to core mission activities in response to a government action, is not sufficient for standing.  *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 395 (2024).  Likewise, an organization "may not establish standing simply based on the intensity of the litigant's interest or because of strong opposition to the government's conduct, no matter how longstanding the interest and no matter how qualified the organization."  *Id.* at 394 (internal quotation marks and citations omitted).

Here, AFBT essentially contends that it has been injured by doing what it set out to do as an organization.  AFBT avers that it is a membership-based organization whose mission is to "organize the Afghan-American community to bring about systemic change in the United States and beyond to ensure all Afghans have lives of safety, dignity, and freedom."  *See* AFBT Declaration ¶ 5.  AFBT provides services to its members in three main categories:  "legal aid, direct aid, and holistic healing." *Id.* ¶ 7.  "Legal aid support includes Know Your Rights trainings, helping with basic immigration filings like asylum and work permits, as well as helping members find legal representation."  *Id.*  While AFBT alleges that it has been injured because "[i]n response to the birthright citizenship ban, AFBT has held a Know Your Rights session and hosted volunteer attorneys to talk about the impact of the ban and try to alleviate fears," *id.* ¶ 13, both of these actions clearly fit within AFBT's core issue-advocacy mission.  AFBT Declaration ¶ 7 ("Legal aid support includes *providing Know Your Rights trainings* . . .") (emphasis added); *see, e.g., Alliance*, 602 U.S. at 395 (to constitute injury-in-fact diversion of resources must impact "core business activities"); *Pen Am.,* 448 F. Supp. 3d at 325  (ruling that plaintiff's diversion of resources argument failed "because Defendant's challenged activities have not impeded Plaintiff's core activities, but have refocused and perhaps enlarged them").  Indeed, AFBT

does not even allege that it has diverted resources away from its core services.  *See* AFBT Declaration ¶ 13.  Accordingly, NYIC cannot establish representational standing through an injury to AFBT.[3]

### D.  The Second Amended Complaint Fails to State a Claim

#### 1.  Plaintiffs' APA Cause of Action Should Be Dismissed

Plaintiffs' assertion that the EO constitutes final agency action subject to review under the APA, Pls. Br. at 9, misses the mark.  The EO was issued by the President and is itself not final agency action.  *See League of United Latin Citizens v. Executive Office of the President*, 780 F. Supp. 3d 135, 171-72 (D.D.C. 2025) ("because 'the President is not an agency within the meaning of' the APA, his issuance of an executive order is not a final agency action") (quoting *Franklin*, 505 U.S. at 796).  The APA therefore affords no cause of action until an agency takes an action, determines rights or obligations, or otherwise causes legal consequences in furtherance of the EO.  *League of United Latin Citizens*, 780 F. Supp. 3d at 175; *see generally U.S. Army Corps of Eng'rs v. Hawkes Co., Inc.*, 578 U.S. 590, 597 (2016).  Plaintiffs appear to implicitly agree with this principle by arguing that their APA claim has been asserted only against executive officers in their official capacities to enjoin them from enforcing the EO.  Pls. Br. at 9-10.  However, as those defendants have yet to implement the EO, *see* Pls. Br. at 11 n.5, the Court may find that the EO is not reviewable under the APA, *see Louisiana v. Biden*, 622 F. Supp. 3d 267, 286 (W.D. La. 2022) (subject matter jurisdiction is determined at the onset of suit and therefore action cannot be "final agency action" if it occurred after the suit was filed).

---

[3] In a footnote, Plaintiffs assert that NYIC need not show representational standing because the organization itself "has suffered perceptible injury for which it can seek relief" as confusion arising from the EO allegedly has "impact[ed] the legal services NYIC provides."  Pls. Br. at 22 n.8.  However, as explained in Defendants' Memorandum of Law in Support of their Motion to Dismiss (ECF No. 70), litigating and advising about the constitutionality of the EO fits within NYIC's core issue-advocacy mission and does not constitute an injury-in-fact.  *See Alliance*, 602 U.S. at 395; *Pen Am.*, 448 F. Supp. 3d at 325-26.

## 2.  Plaintiffs' Claims Fail on the Merits

Plaintiffs' opposition brief asserts that their Citizenship Clause, Equal Protection, and statutory claims are meritorious.  Pls. Br. at 15-18.  As shown in the Government's Memorandum of Law in Opposition to Plaintiffs' Motion for a Preliminary Injunction (ECF No. 58) and the petitions for certiorari filed in *Trump v. Washington*, 25-364 and *Trump v. Barbara*, 25-365, the Constitution does not grant birthright citizenship to, *inter alia*, the children of parents who have circumvented (or outright defied) federal immigration laws.  Accordingly, Plaintiffs' claims should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Second Amended Complaint.

Dated:  New York, New York
        October 16, 2025

JAY CLAYTON
United States Attorney
Southern District of New York


By:    */s/ Jeffrey Oestericher*
JEFFREY OESTERICHER
Assistant United States Attorney
Tel.:  (212) 637-2695
Email:  jeffrey.oestericher@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Branch Director

BRAD P. ROSENBERG
Special Counsel

U.S. Department of Justice
Civil Division
1100 L Street N.W.
Washington, DC 20005

*Counsel for Defendants*

**Certificate of Compliance**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 2515 words.