USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/6/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK IMMIGRATION COALITION et al.,

               Plaintiffs,

-against-

DONALD J. TRUMP et al.,

               Defendants.

25-CV-01309 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    On December 5, 2025, the Supreme Court granted certiorari on the question of whether Executive Order No. 14160, titled *Protecting the Meaning and Value of American Citizenship*, "complies on its face with the Citizenship Clause and with 8 U.S.C. 1401(a), which codifies that Clause." *Trump v. Barbara*, No. 25-365, 2025 WL 3493157, at *1 (U.S. Dec. 5, 2025); Petition for Writ of Certiorari at 1, 2025 WL 2783041 (U.S. Sept. 26, 2025). The Supreme Court's decision on that question will control this Court's decision on the same issue. *See* Dkt. No. 60 ¶¶ 74 & 83 (alleging that Executive Order 14160 violates the Citizenship Clause and 8 U.S.C. 1401(a)).

    District courts have broad discretion in determining whether to stay proceedings and may do so *sua sponte*. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir.2012) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988). Five factors generally guide a court's discretion in deciding whether to stay an action:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, No. 23-CV-07218 (JPC), 2024 WL 3252597, at *3 (S.D.N.Y. July 1, 2024).

    Weighing these factors, the Court finds that a stay of this case is warranted because it would greatly serve the interests of the courts and improve judicial efficiency. "Courts within this Circuit have routinely stayed cases 'when a higher court is close to settling an important issue of law bearing on the action.'" *Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, No. 22-CV-3256 (KPF), 2022 WL 17547438, at *2 (S.D.N.Y. Dec. 9, 2022) (quoting *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012)). "A stay is proper even where the pending decision may not settle every question of fact and law before the court, but in all likelihood it will settle many and simplify them all." *Gonzalez de Fuente v. Preferred Home Care of New*

*York LLC*, No. 18-CV-06749 (AMD), 2020 WL 738150, at *3 (E.D.N.Y. Feb. 13, 2020) (quotations omitted). The Supreme Court's decision in *Barbara* will likely control the central issue in this case—whether Executive Order No. 14160 violates the Constitution. Even if the Supreme Court's decision does not dispose entirely of that issue, it will at the very least provide guidance to facilitate a simpler resolution or to address the issues presented in Plaintiffs' motion for class certification (Dkt. No. 44).

No other interests outweigh the factors supporting a stay. In particular, while the Court is mindful of Plaintiffs' claims that they will be subject to imminent harm if Executive Order No. 14160 is enforced, Plaintiffs will not be prejudiced by a stay because they are protected by multiple nationwide injunctions against enforcement of the Executive Order issued by courts in other districts, which have remained in place pending the Supreme Court's decision in *Barbara*. *See, e.g., State v. Trump*, 765 F. Supp. 3d 1142, 1154 (W.D. Wash.), *aff'd*, 145 F.4th 1013 (9th Cir. 2025). Furthermore, there is no suggestion that third parties would be burdened by the stay, and a stay would serve the public interest by conserving judicial resources. *See Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017) ("[A] stay in this case would promote the interests of non-parties and the public to conserve judicial resources and promote judicial economy."). Promptly after the Supreme Court's decision in *Barbara*, the Court will issue an appropriate order regarding the status of this case.

The Clerk of Court is respectfully directed to STAY this case.

Dated: January 6, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge