USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/08/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK IMMIGRATION COALITION, et al.,

Plaintiffs,

-against-

DONALD J. TRUMP, et al.,

Defendants.

25-CV-01309 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiffs in this action sued President Trump and various federal government officials in their official capacity, challenging the President's Executive Order No. 14160, which addressed birthright citizenship. Dkt. No. 60 ("SAC"). The Executive Order provided that "children born of persons unlawfully or temporarily present in the United States are not 'subject to the jurisdiction' of the United States—and thus do not qualify for citizenship under the Fourteenth Amendment or the Immigration and Nationality Act." *Trump v. Barbara*, 146 S. Ct. 2438, 2444 (2026) (quoting Exec. Order 14160, 90 Fed. Reg. 8449 (2025)). The operative complaint brings four claims, alleging that the Executive Order is unconstitutional under the Fourteenth Amendment's Citizenship Clause (First Claim) and Equal Protection Clause (Second Claim); violates the Immigration and Naturalization Act (Third Claim); and violates the Administrative Procedure Act (Fourth Claim). SAC ¶¶ 71–86.

Defendants moved to dismiss for lack of standing and failure to state a claim. Dkt. No. 69. After briefing on the motion concluded, the Supreme Court granted certiorari before judgment in *Trump v. Barbara*, No. 25-365. This Court stayed proceedings in this case and advised the parties that it would issue an appropriate order after the Supreme Court issued its opinion in *Barbara*. Dkt. No. 75.

In June 2026, the Supreme Court held in *Barbara* that, under the Fourteenth Amendment's Citizenship Clause, "children born of parents unlawfully or temporarily present in the United States" "satisfy both elements of the Citizenship Clause: they are 'born . . . in the United States' and 'subject to the jurisdiction thereof.' Under the Constitution, they are citizens at birth." 146 S. Ct. at 2450. The Court affirmed the judgment of the district court, which had preliminarily enjoined Executive Order No. 14160. *Id.* at 2458. Following the Supreme Court's decision, this Court, on July 20, 2026, directed the parties to submit a status update "proposing next steps in the case within fourteen (14) days of the issuance of the mandate or certified copy of the judgment by the Supreme Court." Dkt. No. 78.

On August 17, 2026, the parties filed a joint status letter pursuant to the Court's July 20, 2026 Order. Dkt. No. 79. The parties agree that the Court should enter judgment in Plaintiffs' favor, although they disagree as to some of the particulars. *Id.* at 3.

Accordingly, it is hereby ORDERED that the stay is LIFTED, and judgment is ENTERED in favor of Plaintiffs. Plaintiffs are prevailing parties on their First Claim (Citizenship Clause of the Fourteenth Amendment), and Fourth Claim (Administrative Procedures Act), for the reasons explained by the Supreme Court in *Trump v. Barbara*, 146 S. Ct. 2438 (2026). Plaintiffs' Second and Third Claims are DISMISSED without prejudice. Defendants' motion to dismiss, Dkt. No. 69, is DENIED AS MOOT. Consistent with *Trump v. Barbara*, Defendants are ENJOINED from enforcing Executive Order No. 14160.

The Clerk of Court is respectfully directed to close this case.

Dated: September 8, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge